### ANTHONY v. RKO RADIO PICTURES, Inc. et al.

United States District Court
S. D. New York.
May 16, 1951.

Davidson & Davidson, New York City (James P. Donnelly, Louis B. Davidson, and David Haar, New York City, of counsel), for plaintiff.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City (Roy W. McDonald, William C. Garrett, and George H. Bailey, all of New York City, of counsel), for defendants.

S. H. KAUFMAN, District Judge.

Defendants move pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of California. In addition, defendants seek a stay on all other pending motions in this cause until one week after an order determining this motion.

The complaint was filed on September 1, 1948. As amended, it alleges in substance that Joseph Anthony, the plaintiff, wrote two synopses, "Sister Eve" and "Make Believe Ballroom of the Air", neither of which was copyrighted. These manuscripts, it is alleged, were plagiarized by defendants in making the motion picture, "The Bachelor and the Bobby Soxer". Plaintiff seeks damages based on the tort and also sues to recover in quasi contract.

Defendants deny any plagiarism and claim that the story and screenplay of "The Bachelor and the Bobby Soxer" were written by Sidney Sheldon, who sold the story to Vanguard Films, Inc., from which it was purchased by RKO.

Plaintiff is, and for some time has been, employed in Columbia, Missouri, but claims to be a resident of New York. This claim is not beyond doubt, but even if accepted, plaintiff's connection with New York seems very tenuous. Defendant RKO Radio Pictures, Inc., is a Delaware corporation with offices and studios in the Southern District of California. Defendant Radio-Keith-Orpheum Corporation, a Delaware corporation, is a holding company owning all of RKO's stock. It has offices in New York City. Jurisdiction is predicated upon diversity of citizenship. Trial is to be to a jury.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Approximately 30 persons have been identified with this case as "possible" or "probable" witnesses. In the determination of the question whether a transfer shall be ordered, a factor of considerable importance is the number of witnesses each party is likely to call who are capable of testifying as to determinative issues in the case. The test must be not merely quantitative, but also qualitative. Were the disposition of a motion to transfer to hinge upon the number of witnesses a party could amass, and that alone, the purpose of § 1404(a) could easily be frustrated.

In this case the pertinent issues include the originality of Sheldon's story and screen play; the issue of access by defendants to plaintiff's manuscripts; the issue of plagiarism; and, if plaintiff is successful in proving plagiarism, the value of plaintiff's stories.

Plaintiff has listed 17 "material and necessary" witnesses who resided or were available in New York. A careful analysis of the affidavits reveals that few of the plaintiff's New York witnesses can testify as to issues material in the determination of the action and that such testimony must, in the main, be adduced from the witnesses residing in California. Of these 17 so-called New York witnesses, one appears to be a resident of California who has apparently

agreed to make himself available if the trial is held in New York. A second will not be called because of a stipulation between counsel. Four are to be called solely to establish that plaintiff's stories were written before the story upon which defendants allege the motion picture was based. Their testimony appears to be merely cumulative, since this issue is covered in part by the above-mentioned stipulation, and by two of the three witnesses who, it is claimed, are to testify as to access and who are also listed as witnesses on this issue. It is claimed that four witnesses will be called to testify as to the originality of plaintiff's stories. Such evidence is at least as readily obtainable from experts in California as from experts in New York. Three witnesses are to testify as to the "value of [plaintiff's] contribution" to the motion picture. What this actually means is not clear, but appears to be further opinion evidence. The remaining witness is a treasurer of defendants who will give evidence as to the profits of the motion picture. If the parties will not stipulate as to this item it can be obtained by discovery.

Thus it appears that there are but three witnesses—those who will testify as to access—who can appropriately be termed "material and necessary". As opposed to this, the great majority of the witnesses to be called by both parties are residents of California. The transportation of all these witnesses to New York would be unnecessarily burdensome to defendants and would seriously inconvenience the witnesses themselves.

If a transfer were refused in the present case the trial would, perforce, have to be conducted largely by means of depositions, which would greatly increase the difficulty of ascertaining the truth as to facts in dispute, or else the many California witnesses would have to come to New York.

■■ Under § 1404(a) defendants have the burden of making out a strong case for a transfer. Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329. This they have done.

Plaintiff has made various contentions in opposition to this motion. These include the charge that defendants are barred by laches from making the motion; that plaintiff will be unable to bear the expense of prosecuting his case if it is transferred; and that the court is without power to order a transfer since defendant Radio-Keith-Orpheum Corporation could not have been served in the Southern District of California.

■ Defendants first made their motion to transfer on February 10, 1950. On February 28, 1950 affidavits in opposition were served on defendants. Listed in the affidavits were the 17 "material and necessary" New York witnesses hereinbefore mentioned. Defendants thereupon withdrew their motion and noticed the depositions of plaintiff's expected witnesses. After these depositions were taken defendants apparently concluded that the considerations warranting transfer had not been altered by the suggestion that these witnesses would be called by plaintiff, and renewed their motion under § 1404(a). If there was delay in making this motion, it cannot be said that defendants were wholly responsible therefor. Nor has it been shown that plaintiff was unduly prejudiced by the delay. See Giles v. Western Air Lines, D.C.Minn.1947, 73 F.Supp. 616, 617, decided under the doctrine of forum non conveniens prior to the enactment of § 1404(a).

■ The affidavits do not adequately substantiate plaintiff's claim that he will be unable to bear the expense of carrying on the suit if the case is transferred.

■ Plaintiff's contention that a transfer cannot be ordered because one of the defendants was not amenable to process in the Southern District of California when suit was instituted is without substance. True, it has been held that a plaintiff after bringing an action in defendant's own district would not be permitted to "fetch him 2,000 to 3,000 miles away for trial in a district where he does not live and where he has never set foot." Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949, 952. The present case is clearly distinguishable since not the plaintiff, but the defendants, are asking that it be transferred. Although

one of the defendants, Radio-Keith-Orpheum Corporation, could not have been served in California at the time the suit was commenced, it has joined in the motion to transfer and by so doing has waived any venue objection it might have interposed to suit in the Southern District of California. This very point has recently been decided by the Court of Appeals for the Third Circuit in Paramount Pictures, Inc., v. Rodney, 3 Cir., 1951, 186 F.2d 111.

█ Inasmuch as this case will be transferred the motions regarding depositions will not be considered but will be left for determination by the court in which the case will be tried. See Cinema Amusements, Inc., v. Loew's Inc., D.C.Del.1949, 85 F.Supp. 319, 321.

The motion to transfer is granted. Settle order on notice.