## MIRE v. ESSO SHIPPING CO.

United States District Court,
S. D. New York.
June 1, 1953.

Sterling and Schwartz, New York City, Marvin Schwartz, New York City, of counsel, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

WEINFELD, District Judge.

The facts in this case are substantially similar but not identical to those in the

Welch case, (Welch v. Esso Shipping Co.) D.C., 112 F.Supp. 611, decided herewith and also require the transfer of the action under 28 U.S.C.A. 1404(a).

The plaintiff, a resident of Texas, sues to recover damages for injuries received by him while employed by the Todd Shipyards Corporation at its shipyard in Galveston, Texas. He was injured while working on a ship owned by the defendant Esso Shipping Company then undergoing repairs by the Todd Shipyards Corporation. The ship had been turned over to Todd, as the defendant claims, as an independent contractor, on January 24, 1953. On that day Todd's chemist issued a certificate that No. 4 center tank was "safe for men" and "safe for fire." The following day, while plaintiff was in the tank, a flash fire and explosion occurred. The only persons present in the tank were Todd employees, all of whom are also residents of Galveston, Texas. The safety man, the ventilating man, the chemist and the foremen of various grades, also employed by Todd and who the defendant alleges are the only persons having actual knowledge of the cause of the fire, are residents of Galveston, Texas. The doctors who treated the plaintiff for his injuries reside there and all medical records are located there. The defendant further asserts that members of the vessel's crew did not participate in any way in the repair work then being performed by Todd and are not in a position to know the cause of the fire. Esso also states that it would have to take the testimony of Todd's employees who have knowledge of the accident by deposition in Texas since it has no means to compel their attendance in this district. This in large measure would result in trial by deposition.

While plaintiff urges that it will rely upon a number of witnesses employed by Esso to establish its case who reside in and about the Southern District of New York, it is not clear what evidence relative to the plaintiff's cause of action is procurable from these witnesses.

■ I am persuaded that the defendant has sustained its burden of establishing that the balance of convenience requires the transfer of this action to the District Court of Galveston. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

■ The defendant is a Delaware corporation having offices in New York City; it does not have an office in Texas. It consents, however, to the transfer of the cause to the District Court of Texas wherein plaintiff resides. This is sufficient to satisfy the requirements of 28 U.S.C.A. 1404(a) that the district is one "where [the suit] might have been brought." Anthony v. RKO Radio Pictures, D.C., 103 F. Supp. 56, affirmed 2 Cir., sub nom Anthony v. Kaufman, 193 F.2d 85, certiorari denied 342 U.S. 955, 72 S.Ct. 629, 96 L.Ed. 710; Paramount Pictures Inc. v. Rodney, 3 Cir., 186 F.2d 111.

The motion is granted.

Settle order on notice.