## WELCH v. ESSO SHIPPING CO.

United States District Court,
S. D. New York.
June 1, 1953.

Sterling & Schwartz, New York City, Marvin Schwartz, New York City, of counsel, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

WEINFELD, District Judge.

Mindful that the plaintiff's choice of forum should rarely be disturbed, I am

2. Carlson v. Landon, 342 U.S. 524, 540–541, 72 S.Ct. 525, 96 L.Ed. 547.

persuaded that the defendant has sustained the burden of establishing that the balance of convenience requires the transfer of this action pursuant to 28 U.S.C.A. § 1404(a). *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

The plaintiff-administratrix is a resident of Galveston, Texas. Her decedent was a resident of Galveston, Texas. The accident which resulted in decedent's death occurred in Galveston, Texas on board defendant's vessel which had been turned over for repairs to the Todd Shipyards Corporation at Galveston, Texas. The deceased was employed by the Todd Shipyards Corporation. His fellow employees at Todd, who presumably have knowledge of the facts with respect to the accident, are residents of Galveston. The chemist who issued the gas and explosion-free certificate and whose testimony appears vital is likewise a resident there.

It does not appear from the papers submitted to me that there are any witnesses within or near this jurisdiction having essential knowledge of the facts upon which plaintiff must necessarily rely to establish her claim. With so many of the witnesses whose testimony is relevant and material residing in and about Galveston, Texas, were the action to remain here it would, in effect, amount to trial by deposition, since the defendant has no means to compel their attendance here upon a trial.

One further point remains to be considered. The defendant is a Delaware corporation, having offices in New York City. It does not have an office in Texas. It consents that the action be transferred to the Texas district wherein plaintiff resides. This satisfies the requirements of § 1404(a) that the district or division to which transfer is sought is one "where it might have been brought." *Anthony v. RKO Radio Pictures,* D.C., 103 F.Supp. 56, affirmed 2 Cir., sub nom *Anthony v. Kaufman,* 193 F.2d 85, certiorari denied 342 U.S. 955, 72 S.Ct. 629, 96 L.Ed. 710; *Paramount Pictures Inc. v. Rodney,* 3 Cir., 186 F.2d 111.

The Court desires to express its appreciation to counsel for the plaintiff who with commendable candor has advised the Court that the controlling law in this circuit on the subject of consent to be sued and transfer is different from that urged by him during the course of the argument.

The motion is granted. Settle order on notice.