Vicente Torres ANDINO, Libelant,

v.

THE SS CLAIBORNE, her engines, boilers, etc. and

Waterman Steamship Corporation, Respondents.

United States District Court
S. D. New York
Feb. 20, 1957.

**702**

Jerome Golenbock, New York City, for libelant. Donald S. Sherwood, and Harvey B. Nachman, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for respondents. Roland C. Radice, New York City, of counsel.

FREDERICK VAN PELT BRYAN, District Judge.

The respondent moves, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for Puerto Rico for the convenience of parties and witnesses and in the interests of justice.

The libelant was injured in Puerto Rico on August 15, 1955. He was a resident of Puerto Rico and was working as a longshoreman for the Waterman Dock Company engaged in stevedoring there. The injuries were incurred while he was engaged in cargo work for his employer aboard the S.S. Claiborne which was owned and operated by respondent, and are alleged to have been caused by defective dunnage and flooring in the vessel.

■ It appears from the allegations of the verified libel that libelant was still a resident of Puerto Rico at the time the action was commenced on April 11, 1956. The affidavit of libelant's attorney, submitted in opposition to this motion, states that libelant presently resides in Brooklyn, but does not state when or why he moved there. It also states that libelant was a resident and citizen of New York at the time of the institution of the action, but this statement will be disregarded in view of the unequivocal allegation in the libel to the contrary.

Respondent is an Alabama corporation doing business in New York. It is not amenable to the service of process in Puerto Rico, but states that it will submit to the jurisdiction of the District Court in Puerto Rico should the action be transferred there.

The accident occurred in Puerto Rico where the libelant lived. The witnesses to the accident were fellow-longshoremen who resided there. Libelant received workmen's compensation for his injuries from the State Insurance Fund of Puerto Rico and was treated by a number of physicians affiliated with the fund, all of whom reside in Puerto Rico. The medical and hospital records, the accident reports, and the work records, are all in Puerto Rico.

Libelant points to no witnesses who reside or are available in or about the Southern District of New York, with the exception of libelant himself who moved to Brooklyn at some unspecified time after the action was commenced, and an unnamed physician who is claimed to have treated him in New York.

■ Under these circumstances much of the trial would have to be by deposition since the witnesses in Puerto Rico are not subject to the compulsory process of this Court.

■ The factors which determine whether a transfer should be made under § 1404(a) include relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining willing witnesses, and the other practical considerations which make the trial of a case easy, expeditious and inexpensive. Maloney v. New York, N. H. & H. R. Co., D.C.S.D.N.Y., 88 F.Supp. 568; Dolly Toy Co. v. Bancroft-Rellim Corp., D.C.S.D.N.Y., 97 F.Supp. 531; Ford Motor Co. v. Ryan, 2 Cir., 182 F. 2d 329, certiorari denied, 340 U.S. 851,

71 S.Ct. 79, 95 L.Ed. 624; Ferguson v. Ford Motor Co., D.C.S.D.N.Y., 89 F.Supp. 45; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

Applying these criteria to the instant case, it appears that respondent has met the required burden of showing that the strong balance of convenience requires the transfer of this action to Puerto Rico. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; Gulf Oil Corp. v. Gilbert, supra.

However, libelant urges that he has the choice of forum and, since he is presently a resident of New York City, the scale should therefore be tipped against transfer. I do not agree. I am mindful that libelant's privilege to choose his forum is a substantial factor in his favor and should not lightly be disturbed. Ford Motor Co. v. Ryan, supra; Cullinan v. New York Central R Co., D.C.S.D.N.Y., 83 F.Supp. 870. Nevertheless it is by no means the only factor to be considered. The Court must weigh the convenience of the parties, the witnesses and the court in the light of established criteria. Libelant's choice of forum, and his personal convenience, are merely factors to be taken into account in arriving at such a balance. Where the other factors involved indicate that the balance of convenience is heavily in favor of transfer, they will outweigh both libelant's privilege to choose his forum and his personal convenience. Duffy v. United States, D.C. S.D.N.Y., 114 F.Supp. 881. In the case at bar the relevant factors turn the balance heavily toward a transfer.

Moreover, though libelant had the undoubted right to change his residence from Puerto Rico to New York City at any time, he cannot well insist on a trial here merely because he elected to move to an advantageous forum subsequent both to the accident and to the commencement of the action. His unexplained move to New York City at this late juncture does not tend to negative indications that he has indulged in the "shopping for a forum" which § 1404(a) was, in part at least, designed to overcome. See Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207.

One further point must be considered. Respondent apparently does not do business in Puerto Rico and libelant could not have brought the action against it there in the first instance. However, respondent has not only consented that the action be transferred to Puerto Rico by making this motion, but expressly agrees that it will voluntarily appear there. This satisfies the requirements of Section 1404(a) that the District to which transfer is sought must be one where the action "might have been brought". Anthony v. R. K. O. Radio Pictures, D.C.S.D.N.Y., 103 F.Supp. 56, affirmed, sub nom Anthony v. Kaufman, 2 Cir., 193 F.2d 85, certiorari denied, 342 U.S. 955, 72 S.Ct. 629, 96 L.Ed. 710; Paramount Pictures, Inc., v. Rodney, 3 Cir., 186 F.2d 111; Welch v. Esso Shipping Co., D.C.S.D.N.Y., 112 F.Supp. 611.

The motion to transfer is granted. Settle order on notice.