## ANTHONY v. KAUFMAN.

### Docket 22181.

United States Court of Appeals
Second Circuit.

Motion Argued Nov. 5, 1951.

Decided Nov. 28, 1951.

Writ of Certiorari Denied March 10, 1952.

See 72 S.Ct. 629.

Davidson & Davidson, New York City (David Haar, New York City, of counsel), for petitioner.

Donovan Leisure Newton Lumbard & Irvine and Roy W. McDonald, all of New York City (George H. Bailey, New York City, of counsel), for respondent.

Before SWAN, Chief Judge, FRANK, Circuit Judge, and COXE, District Judge.

FRANK, Circuit Judge.

■ Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, is not apposite, as there the district court refused to order a trans-

---

fer. For where, as here, the order directs a transfer, we have held that a petition for a writ of mandamus will not be entertained if it alleges merely an "abuse" of discretion.[1] Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866.[2] If, however, the district judge lacked power to make his order of transfer, we will entertain such a petition. See Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949. In that case, the defendant, which could not have been served in the transferee district, objected to the transfer, and we issued a mandamus writ. But here, one defendant could have been served in the transferee district, while the other defendant, which could not there have been served, has joined in the application for, and thus consented to, the transfer. That consent is a waiver of lack of venue; had such a waiver existed before plaintiff commenced suit, it could have been brought there. We think 28 U.S.C. § 1404(a) covers such a case.[3] Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111.

Petition dismissed.

See, also, 2 Cir., 193 F.2d 92.

1. The same rule must apply to a petition for a writ of prohibition.

2. The writer of this opinion dissented from the decision in that case and still thinks it wrong, but feels obliged to abide by it until his colleagues join in overruling it. See The Arrowhead v. S. S. Aimee Lykes, 2 Cir., 193 F.2d 83.

3. We left that question open in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 332 note 7.