**JOHNSON v. HARRIS.**
Civ. 1949.

United States District Court
E. D. Tennessee, Southern Division.
March 26, 1953.

Frank N. Bratton, Athens, Tenn., **for** plaintiff.

Strang, Fletcher & Carriger, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

There is a motion of the defendant to transfer this case to the United States District Court of New Jersey, pursuant to Section 1404(a), Title 28 U.S.C.A., on the grounds that such transfer would be for the convenience of parties and witnesses and in the interest of justice.

The plaintiff, a resident of Monroe County, Tennessee, brings this action against the defendant, a resident of the State of Michigan, for the alleged unlawful death of Harmon H. Duckworth as a result of an automobile accident occurring in the State of New Jersey. The decedent was a resident of Monroe County, Tennessee, and at the time of the accident which caused his death, both he and the defendant were in the military service, stationed at Fort Dix, New Jersey. The defendant owned a Plymouth automobile which was registered in his name in the State of New Jersey, and at the time of the accident he was driving the car late at night with the decedent and a third person, John S. Price. The decedent died on May 2, 1952, the day following the accident.

On August 15, 1952, the defendant was transferred for duty to Fort Benning, Georgia, where he remained until December 8, 1952, when he was returned to Fort Dix in New Jersey, where he is now located. Defendant has been in military service for ten or twelve years, and expects to remain in the service, subject, of course, to assignment to such posts of duty as the military authorities determine. He is unmarried, and maintains his legal residence in the State of Michigan.

The plaintiff shows, by affidavit, that she and two other persons living in Monroe County, Tennessee, are material witnesses;

and being of limited means, they will suffer great hardship if they are required to go to New Jersey for trial of the case.

It is shown that John Price, the only disinterested eyewitness, resides in the State of Connecticut, and would not be subject to subpoena for trial in either Tennessee or New Jersey, and that it is problematical whether the defendant himself would be located in New Jersey if and when the case might be for trial there.

The plaintiff says that the suit was brought in the Eastern District of Tennessee because that is the place of her residence, and the most convenient place for her to attend trial; and was in no sense to vex, harass or oppress the defendant.

The defendant says that a number of the witnesses live in New Jersey and that it will be a great hardship on them to come to Chattanooga to testify in this court. He mentions a photographer who made pictures of the scene of the accident; an engineer who drew a diagram or plat of the highway; a member of the New Jersey State Police who investigated the accident and will describe the location and position of the car immediately after the trouble; two persons who transported the decedent to the hospital; the persons who conducted a sobriety test on the defendant after the accident; the United States Army Representative who investigated and made a report on the accident; unnamed mechanics who may be desired to testify as to the mechanical condition of the car; and also the doctor who attended the decedent prior to his death.

Little, if any, showing is made as to the substance of the testimony which the witnesses would produce, and, therefore, the Court cannot determine whether they may be material witnesses.

As these witnesses did not see the accident and could only testify to circumstances which will probably not be controverted, it is likely that their evidence may be dispensed with by stipulations as a result of a pre-trial conference.

The defendant says he expects to remain stationed in New Jersey unless he is sent overseas; but, of course, his presence in any locality or state is quite beyond his ability to control.

■ The Court takes judicial knowledge of the laws of New Jersey, which will presumably control the action, and the fact that these laws may be different from the laws of Tennessee should not be a handicap on the defendant in a trial here.

Another question is present, which should properly be considered—the venue of the case as related to New Jersey. The transfer of a case under Section 1404(a) may only be made "to any other district or division where it might have been brought". The question then is, might this case have been originally brought in New Jersey. The case of Waters v. Plyborn, D.C.Tenn. 1950, 93 F.Supp. 651 is the only case found under the Tennessee practice and procedure which discusses the venue questions as affected by the state statutes. The effect of the holding in that case is that this action could not have been brought in New Jersey. That ruling followed Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53.

The decisions of the courts on this question are far from uniform, and numerous soundly reasoned opinions to the contrary are found. See Knott Corporation v. Furman, 4 Cir., 1947, 163 F.2d 199 and Jacobson v. Schuman, D.C., 105 F.Supp. 483.

In this connection, it is shown that the accident occurred on the grounds or reservation belonging to and under the jurisdiction of the United States; and it is insisted that the use of the highway there by the defendant did not make him amenable to service of process by service on the Director of Motor Vehicles, under the New Jersey statute, N.J.S.A. 39:7-1 et seq. But is is not necessary, under the circumstances here found, to decide this question.

■■ In view of the unsettled state of the law on this subject, the Court is of the opinion that it would be an injustice to the plaintiff to transfer the case to New Jersey where she might be subjected to

jurisdictional uncertainties, and involved in expensive, time-consuming litigation. The consent of the defendant to venue in New Jersey might not afford full protection against such involvements. In fact the statute, Section 1404(a), Title 28 U.S.C.A. providing for transfer of a case contemplates statutory venue and not consent venue.

■ The defendant submits an affidavit that the eyewitness, John Price, who resides in Connecticut, has expressed a willingness to come to New Jersey for trial of the case, but says he will not voluntarily appear in Chattanooga. This situation, however, cannot be controlling.

On the other hand, the plaintiff claims to have an agreement with this witness that he will voluntarily appear in Chattanooga. If he does, this will relieve the defendant of any concern. The attendance of the witness in New Jersey or in Chattanooga cannot be enforced by either party; and should he decide to change his mind about appearing voluntarily he could readily do so. No statement is made as to what his testimony would be—whether more favorable to the defendant or to plaintiff. It would seem necessary that either party desiring his evidence, must obtain it by deposition or assume the risk of not being able to obtain it by his voluntary appearance at the trial.

■ It is obvious that the trial of the case in either jurisdiction will entail some hardship on one of the parties more than on the other. But the balance in favor of the defendant is not so strong as to make a transfer necessary or proper, and it is doubtful whether the situation as to the defendant would be improved by transferring the case to a jurisdiction where neither of the parties resides and where the defendant is in the military service subject to reassignment to another post of duty without notice.

The Court cannot see that the inconvenience to defendant to appear and bring his material witnesses to Tennessee so greatly exceeds the inconvenience that would be occasioned to the plaintiff to appear and take her witnesses to New Jersey as to justify an order of transfer. It is quite possible that it will not exceed it at all. The showing made by defendant in support of the motion is not sufficient.

■ Since writing the above, a supplemental brief has been filed by the defendant which seems to be with particular reference to the right to serve process upon the defendant in New Jersey. The Court is in agreement that there would be a right to serve process upon the defendant in view of the fact that his car bore a New Jersey license plate. In addition, he seems to be there in person. But this does not settle the question of venue as concerning suits between residents of different states, neither of which are New Jersey.

In addition, the Court is mindful of the fact that a subpoena to testify may issue within 100 miles of the situs of the court where the case is for trial. The Court does not know whether this rule would apply to the Connecticut witness whereby he might be compelled to attend the trial in New Jersey, but the trouble is that the defendant does not know that this witness is favorable to him and neither does the Court.

And considering the whole situation, the Court is of the opinion that the ends of justice will be best served by the trial of the case in this forum rather than in the District Court of New Jersey.

The motion to transfer is, therefore, denied.

Order accordingly.