**SHERIDAN et al.**

v.

**PAN-AMERICAN REFINING CORP. et al.**

United States District Court, S. D. New York.

July 8, 1954.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for plaintiffs.

Townley, Updike, Carter & Rodgers, New York City, for defendants.

EDELSTEIN, District Judge.

In an action to recover damages under the Jones Act, 46 U.S.C.A. § 688, for the death of a seaman, the defendants move: (1) to dismiss on the ground that the suit is not being maintained by the personal representative of the deceased seaman and the plaintiffs lack capacity to sue; (2) for summary judgment dismissing the complaint against the defendant Pan-American Petroleum & Transport Company, Inc. (Transport); and (3) for a transfer of the action, under 28 U.S.C. § 1404(a), to the District Court for the Southern District of Texas, Galveston Division.

Inasmuch as a motion to substitute the administratrix in the place of the plaintiffs originally named will be granted, the first relief requested by defendants will be denied.

■■ The motion for summary judgment in favor of the defendant Transport is grounded on the fact that it was and is the owner of the stock of the defendant Pan-American Refining Corporation (Refining). The issue of stock ownership is not in dispute, but the statement on behalf of Transport that it did not in any way participate directly or indirectly in the direction, operation or control of the tugs and barges owned and operated by Refining, though it may be a fact, is sufficiently conclusory that it need not at this point be accepted at face value. Therefore, in view of the general rule of law that liability may be imposed on a parent corporation for the torts of a subsidiary where it can be proved that separate corporate existence is a mere sham or where the latter is but an adjunct or instrumentality of the former, Berkey v. Third Avenue R. Co., 244 N.Y. 84, 155 N.E. 58, 50 A.L.R. 599, the plaintiff may be given an opportunity to develop proof. The motion for summary judgment will be denied, but without prejudice, pending the taking of depositions by the plaintiff in this connection.

■ A civil action may be transferred, under § 1404(a), to another district where it "might have been brought." The venue provisions of the Jones Act permit suit in the "district in which the defendant employer resides or in which his principal office is located." 46 U.S.C. § 688, 46 U.S.C.A. § 688. It is not contended that the principal offices of the defendants are located in the Texas district. Both are Delaware corporations and therefore reside there, but no transfer is sought to Delaware. It is further stated in affidavit form that Refining is subject to service of process in the Texas district, but no mention is made of whether it does business there, so as to render that district its residence under § 1391(c). Indeed, it appears that prior to the institution of this suit Refining sold its tugs and barges, and they are presently being operated by another company, in and out of Texas ports. Transport has specifically offered to waive any venue objection, upon transfer to Texas, but Refining has made no such offer. (But note the decision of the Court of Appeals for the Third Circuit, by a divided court en banc, in Paramount Pictures v. Rodney, 186 F.2d 111, certiorari denied 340 U.S. 943, 71 S.Ct. 572, 95 L.Ed. 687, holding that defendants joining in a motion to transfer waived any objection to venue in the transfer district.) It does not, therefore, appear that this suit could have been brought in the District Court for the Southern District of Texas, and accordingly, the motion will be denied.