R. F. FELCHLIN, A. R. McMillan, and Milo E. Rowell, Walter F. Willmette and Loren S. Smith as Executors of the Last Will and Testament of Milo L. Rowell, Deceased, Plaintiffs,

v.

AMERICAN SMELTING AND REFINING COMPANY, a corporation, Defendant.

No. 1525.

United States District Court
S. D. California, N. D.

Dec. 19, 1955.

Rowell, Lamberson & Thomas, Fresno, Cal., for plaintiffs.

Edwin H. Hiber, Allan R. Moltzen, San Francisco, Cal., for defendant.

JERTBERG, District Judge.

The motion came on for hearing before the Court on October 31, 1955. Plaintiffs were represented by Rowell, Lamberson and Thomas, Mr. Edwin H. Hiber appearing, and defendant was represented by Mr. Allan R. Moltzen.

The complaint in this action was filed on August 24, 1955. Plaintiffs Milo E. Rowell, Walter F. Willmette and Loren S. Smith are executors of the last will and testament of Milo L. Rowell, who died testate on June 15, 1951, in Fresno County, California, and these plaintiffs are acting under the appointment and order of the Superior Court of the County of Fresno, State of California.

The action is based on a written contract entered into by the testator and others with one Fields which contract provided that the testator and his associates, referred to as Felchlin and Associates, would advance certain money to Fields, who was a mining engineer of Sonora, Mexico, for the purpose of the development and production of mines on mining claims in Mexico operated by Fields under an exclusive right granted to Fields by Campania Minera Nacional, S.A., and for other purposes. The contract provided that this money was to be repaid by Fields out of the proceeds of the production of the mines.

Performance of the contract by the plaintiffs, and an alleged breach by the defendant are set out in the complaint, and the requisite diversity of citizenship and amount in controversy conferred jurisdiction on the United States District Court. Defendant is a New Jersey corporation licensed to do business in California, and service of process was had on the resident agent of the corporation in Los Angeles, California.

A motion to dismiss or for change of venue was filed on October 12, 1955, and at the hearing on the motion on October 31, 1955, it was ordered that written briefs were to be filed in support of the motion and in opposition to the motion, and that upon the filing of the last brief, the matter would stand submitted.

The motion under submission is based on the ground that it appears from the complaint that the proper forum for the action is in the Republic of Mexico. The affidavit of Mr. Adin A. Brown, general manager of the Mexican Mining Department of American Smelting and Refining Company, sets out that the obligations arising from the contract were made or to be performed in Mexico or in the State of Texas; that none of the alleged agreements were made or to be performed in California; that no persons connected with the matters reside in California, but are all residents of Mexico, Texas, or Arizona; that although the defendant does business in

California it has no offices in the Northern Division of the Southern District, but has offices only in the Central Division of the Southern District and in the Southern Division of the Northern District; that it would entail great expense and work a hardship on defendant to transport witnesses and records to this Division for trial; that defendant is licensed to do business and is doing business in Texas and the interests of justice would be served by transferring the case to Texas for trial in the Western District of Texas, El Paso Division.

Opposing the motion is the affidavit of Milo E. Rowell, one of the executors of the will of Milo L. Rowell, in which it is stated that there has been no appointment of a personal representative of the estate by any court in Texas, and that it was the purpose of the plaintiffs in bringing the action in this Division to limit the cost and expense of prosecuting the action.

 The motion to dismiss the action is based upon the ground that the forum is not convenient, and this is not a ground for dismissal unless the interests of justice require the Court to decline jurisdiction. There has been no showing that the interests of justice require the exercise of the inherent power of the court to decline jurisdiction, and the motion to dismiss is denied.

 However, where a citizen has an option of bringing his action in one of two United States courts, it is neither unreasonable nor arbitrary to require him to bring it in that court which can most conveniently and expeditiously determine the issues. But in all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process and in which the plaintiff may bring the action.

The sole question then is whether or not the instant action might have been brought in the State of Texas, under the provisions of section 1404 of Title 28 U.S.C.A. which provides in part, "For the convenience of parties and witness-

es, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought."* (Italics added.)

 It is well settled that unless such right is given to him by statute, an executor or administrator cannot sue in his representative capacity in any state or country other than that in which his letters testamentary or administration were granted. Thacker v. Lindahl, Tex. Com.App., 48 S.W.2d 588. This rule obtains in Texas. Robinson v. First Nat. Bank of Plainview, 5 Cir., 55 F.2d 209.

Defendants contend that a foreign executor may sue in the Texas courts unless timely objection is made, and that in the instant case, the defendants have waived their objection by filing the motion to transfer. The case of Rhodes v. Barnett, D.C.S.D.N.Y.1953, 117 F.Supp. 312, 316, is cited in support of the statement. Three separate actions were considered in that opinion, but in none of them was there any contention that the actions could not have been maintained in either of the two forums. The first action was a suit on a contract, and the Court in denying the motion to transfer it, said:

"* * * A sharp line of demarcation has been drawn by the State Courts in New York between tort and contract cases in the aplication of the doctrine of *forum non conveniens.* It has been said that power to refuse to entertain jurisdiction under certain circumstances in tort cases does not extend to actions based upon contract. * * * This tendency to retain jurisdiction in contract cases is followed in State Courts elsewhere. The distinction between tort and contract actions is based on the consideration that there is not the same probability that the amount of recovery will vary with the place of trial because the rules of damage are more restrictive in contract than in tort. Moreover, this dis-

tinction between tort and contract in refusing to entertain jurisdiction may well be part of the federal rule."

The last sentence refers to the opinion in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055, where the Court said:

"The law of New York as to the discretion of a court to apply the doctrine of *forum non conveniens*, and as to the standards that guide discretion is, so far as here involved, the same as the federal rule."

Three separate actions were considered together in the Rhodes v. Barnett opinion, the first being a suit on a contract and the second and third being tort actions, and the only issue in common was the doctrine of *forum non conveniens* in motions to transfer. The motion was granted only as to the third case, but the decision can be distinguished from the instant case in that the Court in the Rhodes opinion held that the defendant, by making the motion to transfer, had waived the venue requirement, "as it may properly do", and cited the case of Anthony v. Kaufman, 2 Cir., 193 F.2d 85, as authority. In the cited case there were two defendants, one of which could not have been served in the transferee district, but which joined with the other in the motion to transfer. The Court properly held that this was a waiver to the lack of venue. But there the plaintiff had the right at all times to have brought the action in the transferee district, and could have proceeded at any time against the one defendant upon which process could be served, and the question of the right to have instituted the action in that district originally was not before the Court.

In the instant case, the Texas statutes made no provision for the bringing of the action in Texas by a foreign executor. The plaintiff could not have "brought" the action there originally. This is not a question of venue or jurisdiction that can be waived by the parties. It is a question of the power of a Court to transfer the action. This is a case similar to United States v. 11 Cases, etc., D.C., 94 F.Supp. 925, 927, in which Judge Fee, presently a member of the Ninth Circuit Court of Appeals, said that the existence of the power of transfer is jurisdictional, and may only be exercised in strict accordance with the statutory grant. Judge Fee held in that case that the action could only have been brought in Oregon, because there alone was the res involved in the libel "found", and that Section 334(a) of Title 21 U.S. C.A. gave the power to the Court to transfer a single libel action where the charge was misbranding, but since there were two charges in that libel, one of misbranding and one of adulteration, there was no statutory power to transfer the action, and "since no statutory provision exists, this Court is without power to initiate the transfer".

The section referred to provided that a libel charging misbranding could be transferred upon stipulation of the parties, regardless of the jurisdiction of the res, but since the section did not include the libel for adulteration, the Court concluded that power to transfer the action had not been granted, and lacking the statutory provision, the transfer could not be ordered.

The case of General Electric Co. v. Central Transit Warehouse Co., D.C. Mo.1955, 127 F.Supp. 817, at page 825, determined the matter of waiver of venue and/or jurisdiction and the Court there said: "We recognize, of course, that venue can be waived. So can jurisdiction over the person be waived. But does such a waiver of either or both—made *after* an action has been 'commenced' * * * establish that the action 'might have been brought' there, in the sense of that phrase as used in Section 1404(a), Title 28 U.S.C.A.? If it does, what, if any, meaning is left to the phrase 'where it might have been brought', as adopted by Congress and used in the statute? Would not such construction be to read that phrase entirely out of the statute? Would not

such construction permit transfer of the action *to any district desired by the moving defendants,* though they, or some of them, could not have been served with process there, and no statutory venue existed there, and the action could not have been maintained there, without their intentional waiver of venue and entry of general appearance? I think no such treatment can be given to that phrase in the statute."

Judge Mathes of this District said in Taylor v. Hubbell, 9 Cir., 188 F.2d 106, 108, that "A federal court is empowered to exercise such jurisdiction as is conferred by the Congress * * *, but 'the policy of Erie R. Co. v. Tompkins, 1938, (304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188) preclude(s) maintenance in * * * federal court in diversity cases of suits to which the State (has) closed its courts'." That was a case involving a state statute of Arizona which gave exclusive jurisdiction to determine the allowance of compensation to injured workmen to a commission in that State, and where the Arizona courts had no jurisdiction to hear such actions for damages.

■■ That ruling applies to the instant case. The Texas courts are closed to foreign executors who attempt to bring actions there in connection with an estate. It would follow, under the Erie R. Co. v. Tompkins rule, that the Federal court in Texas could not have taken jurisdiction of such a case, and that this is a disability that could not be waived or consented to by the parties. This Court would be without power to initiate the transfer because the District Court in Texas, administering Texas law, in a diversity of citizenship case, could not have waived the statutory prohibition against such an action there by a foreign executor in that State.

■ A District Court is a separate entity. No District Court has jurisdiction crossing a state line. By virtue of these limitations, the transfer of any cause from one district to another is a question of power. No District Court has such inherent authority. There must be an express statutory grant as a condition precedent to the initiation of the transfer, and every essential factor must be present to confer jurisdiction on the court to which the case is sent. If this action could have been brought originally in the Texas courts, the transfer to Texas would then be possible, but since the action is one based on diversity of citizenship, the law of Texas would apply. United States v. 11 Cases, etc., 94 F.Supp. 925. Statutory authority to transfer an action to a district or division "where it might have been brought" certainly does not authorize transfer to a district where the action might *not* have been brought. General Electric Co. v. Central Transit Warehouse Co., 127 F.Supp. 817. The phrase "might have been brought" means the place where the plaintiff had the right to institute the suit originally. Greve v. Gibralter Enterprises, D.C.N. M., 85 F.Supp. 410, 412.

■ The Texas courts are not authorized by statute to entertain suits in the state courts by a foreign executor. The capacity of an executor or administrator of a decedent's estate to sue in his representative capacity in a federal district court must be determined by the law of the state wherein the court is held. Suders v. Campbell, D.C., 73 F.Supp. 112. Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides: "The capacity of an individual, *other than one acting in a representative capacity,* to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, * * *". (Italics added.)

■ The instant suit, therefore, could not have been "brought" originally in the Texas courts by a California appointed executor or executors. It fol-

582

lows then that the suit, having been commenced in the United States District Court, Southern District of California, cannot be transferred to a Texas District Court.

The motion for a change of venue to the Western District of Texas, El Paso Division, is denied.

The Clerk of this Court is directed to mail copies of this Order forthwith to all counsel.