GAS PRODUCTS CORPORATION, a Corporation of Illinois, Plaintiff,

v.

GEORGE D. ROPER CORPORATION, a Corporation of Illinois, Halbach Schroeder Corporation, a Corporation of Illinois, and Merkel Bros. Hardware Co., a Corporation of Illinois, Defendants.

Civ. A. No. 147.

United States District Court S. D. Illinois, S. D.

Dec. 19, 1956.

Blair & Spencer, Stamford, Conn., Pollock & Ennis, Quincy, Ill., of counsel, for plaintiff.

John F. McCanna, Oak Park, Ill., for defendant George D. Roper Corp.

MERCER, District Judge.

This suit charges patent infringement against Halbach Schroeder Corporation, Merkel Bros. Hardware Co., and George D. Roper Corporation, all of the defendants being Illinois corporations; the Halbach Schroeder Corporation and Merkel Bros. Hardware Co., both having their residence in the Southern District of Illinois, and the George D. Roper Corporation having its residence in Rockford, Winnebago County, which is in the Northern District of Illinois, Western Division.

A motion to dismiss was filed by the defendant, George D. Roper Corporation, and after hearing upon the motion had been set by the Court, it was agreed by counsel for the respective parties that the matter be submitted to the Court upon written briefs, this opinion of the Court being rendered after a consideration of said briefs.

As a part of the motion to dismiss by said George D. Roper Corporation, an affidavit of Stanley M. Hobson, President of George D. Roper Corporation, executed September 8, 1951, was filed. The affidavit is a sworn statement and the affiant makes oath that he is President of the George D. Roper Corporation and further states that the Roper Corporation does not reside in or have a regular and established place of business anywhere within the Southern federal judicial District of Illinois. This affidavit is not traversed by the plaintiff.

In considering the motion to dismiss it becomes necessary for this Court to construe the provisions of U.S.C.A. Title 28, Section 1400 (formerly Section 109), subsec. (b), which reads as follows:

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

It is the opinion of the Court that the law is clearly established that venue in suits for patent infringement is controlled by the above-quoted section. The law is clearly established by the decision of the United States Supreme Court in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, in which an identical situation of venue was presented. In the Stonite case the suit was filed in the Western District of Pennsylvania, charging patent infringement by Lowe Supply Company, a resident of the Western District, and Stonite Products Company, a resident of the Eastern District of Pennsylvania, the Stonite Company having no regular and established place of business in the Western District of Pennsylvania. Stonite's motion to dismiss was by order, granted, which was reversed by the Court of Appeals, 3 Cir., 119 F.2d 883. Certiorari to the Supreme Court resulted in reversal of the Court of Appeals order and a dismissal of the suit as to Stonite.

In the Stonite case the Court held that Section 48 (now Section 1400(b) ) above quoted, is the exclusive provision controlling venue in patent infringement proceedings. The Stonite case was later cited with approval in the case of Commissioner of Internal Revenue v. Church's Estate, 335 U.S. 632, 69 S.Ct. 322, 337, 93 L.Ed. 288. The Stonite case was followed by the Court of Appeals for the Seventh Circuit in C-O-Two Fire Equipment Co. v. Barnes, 194 F.2d 410. In the C-O-Two case the District Court for the Northern Division denied a motion of the defendant for dismissal of the action because of a failure to show proper venue. From this dismissal the defendant petitioned for a writ of manda-

mus. The Court of Appeals for the Seventh Circuit reversed and held that the venue was improperly laid and the relief sought by the petitioner granted. In this case the defendant was a corporation of Delaware and was licensed to do business in the State of Illinois and had a regular and established place of business in the City of Chicago. Moreover, there was no allegation or showing that the defendant committed acts of infringement in the District where the suit was instituted. Therefore, the showing as to venue failed to meet the requirements of Section 1400(b) for the reason that one of these requirements was absent, namely, that the defendant has committed acts of infringement in the District where the suit was filed. In this case, the plaintiff, Cardex Corporation, intervener, contended that Section 1400(b) was not the exclusive provision controlling venue in patent infringement proceedings and further contended that Section 1391(c) applied and, therefore, venue was properly laid in the District because the defendant, C-O-Two, was licensed to do business in the District. This contention was discussed by the Court of Appeals at length but the decision in the Stonite case was followed.

■■ Therefore, it appears that the two cases cited above establish the law to be followed in the Seventh Circuit. The provisions of Section 1400(b) are controlling in patent infringement cases and said provisions are not enlarged by general provisions of Section 1391(c), and by reason of the fact that in the present case venue with respect to George D. Roper Corporation is not laid in the Southern District of Illinois for the reason that the defendant does not reside in this District, does not have a regular and established place of business in this District, and has not committed acts of infringement in this District.

The motion to quash service and dismiss the complaint as to George D. Roper Corporation is allowed and said service is hereby quashed and said complaint dismissed as to George D. Roper Corporation.