Ex Parte John F. BLASKI et al.
No. 16686.

United States Court of Appeals
Fifth Circuit.
June 14, 1957.

Rehearing Denied July 27, 1957.

Spencer Carver, Dallas, Tex., for movants.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The movants here, who were plaintiffs in the district court, have their residence in the Northern District of Illinois. They instituted suit in the district court for the Northern District of Texas against several defendants, all of whom reside in the Northern District of Texas. The complaint charged patent infringement. The defendants made a motion to transfer the cause, pursuant to 28 U.S.C.A. § 1404(a), to the Northern District of Illinois. In their motion the defendants stated that their witnesses were much closer to the court in Illinois than to the court in Texas. They also stated, among other averments, that there is pending in the district court for the Northern District of Illinois a consolidated action in which the plaintiffs in the Texas suit were charging infringement of the same patent as was involved in the suit in Texas. It was shown that in the action in the Northern District of Illinois much pre-trial information and evidence had been developed which would be relevant in the case commenced in the Northern District of Texas. The defendants waived their right to be sued in the Northern District of Texas and consented to the consolidation of the action with the cause pending in Illinois. An order was entered transferring the cause to the Northern District of Illinois. The plaintiffs, by motion, unsuccessfully sought from the district court an order vacating the order of transfer. The plaintiffs, John F. Blaski and others, have filed in this court their motion for leave to file a petition for a writ of mandamus to require the district court to vacate and set aside the order of transfer. This motion we now consider.

The authority for ordering the transfer is the statutory enactment which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

or division where it might have been brought." 28 U.S.C.A. § 1404(a).

Congress has prescribed venue in patent infringement cases in this language:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C.A. § 1400 (b).

The plaintiffs say that none of the defendants reside in Illinois and have not committed in Illinois any acts of infringement, that process issued in Illinois could not have been served on the defendants and therefore the action could not "have been brought" in the district to which it was transferred. The attempted waiver, the plaintiffs say, is ineffectual.

It has been held in this Circuit that unless the district court has failed correctly to construe and apply the statute, consider the relevant factors incident to a motion to transfer, or has clearly abused its discretion, a Court of Appeals should not entertain applications for mandamus to enter or vacate orders of transfer under § 1404(a). Ex parte Chas. Pfizer & Co., 5 Cir., 1955, 225 F.2d 720; Ex parte Pharma-Craft Corporation, 5 Cir., 1956, 236 F.2d 911. Cf. Atlantic Coast Line R. Co. v. Davis, 5 Cir., 1950, 185 F.2d 766. In supporting the position that the district court erroneously construed and applied the statute in the determination, implicit in its order of transfer, that the action might have been brought in the Northern District of Illinois, the plaintiff-movants cite Blackmar v. Guerre, 5 Cir., 1951, 190 F.2d 427. In that opinion it was said with respect to the cause there decided that the action could not have been transferred under § 1404(a) to the District of Columbia because a defendant was a resident of Louisiana. An examination of the opinion will show that the statement of the court was neither necessary to the decision nor upon a question involved in the appeal. The decision is not a precedent on the question

we have before us. The Supreme Court affirmed Blackmar v. Guerre without considering the point with which we are here concerned. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

There are a number of district court decisions holding that even though a defendant moves for a transfer, the court has no power to grant the motion where the defendants are not subject to service in the transferee district. Hampton Theatres, Inc., v. Paramount Film Distributing Corp., D.C.D.C.1950, 90 F. Supp. 645; Johnson v. Harris, D.C.Tenn. 1953, 112 F.Supp. 338; Sheridan v. Pan-American Refining Corp., D.C.N.Y.1954, 123 F.Supp. 81; General Electric Co. v. Central Transit Warehouse Co., D.C.Mo. 1955, 127 F.Supp. 817; Mitchell v. Gundlach, D.C.Md.1955, 136 F.Supp. 169; Felchlin v. American Smelting & Refining Co., D.C.Cal.1955, 136 F.Supp. 577. The rule which to us seems the better reasoned and which has been adopted by the majority of the courts, permits the transfer upon the motion or with the consent of the defendants even though they could not have been served with the process of the transferee court. Paramount Pictures, Inc., v. Rodney, 3 Cir., 1951, 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687; Anthony v. Kaufman, 2 Cir., 1951, 193 F.2d 85, certiorari denied 342 U.S. 955, 72 S.Ct. 629, 96 L.Ed. 710; In re Josephson, 1 Cir., 1954, 218 F.2d 174; Torres v. Walsh, 2 Cir., 1955, 221 F.2d 319. A number of district court decisions arrive at like results. The purposes for which § 1404(a) was enacted would be unduly circumscribed if a transfer could not be made "in the interest of justice" to a district where the defendants not only waive venue but to which they seek the transfer. The interpretation of the phrase "where it might have been brought", as used in 28 U.S.C.A. § 1404 (a), is discussed at length by Chief Judge Magruder of the First Circuit in the case of In re Josephson, supra. We need not labor the point here.

The district court was empowered by the statute to make the transfer. It is

not shown that the district court misconstrued or misapplied the statute or failed to consider all pertinent facts. No abuse of discretion is shown. The rule announced in Ex parte Chas. Pfizer & Co., supra, is applicable. The motion for leave to file a petition for a writ of mandamus is

Denied.