John F. BLASKI et al., Petitioners,

v.

Honorable Julius J. HOFFMAN, United
States District Judge, Respondent.

No. 12285.

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1958.

Rehearing Denied En Banc
Nov. 25, 1958.

318

Daniel V. O'Keeffe, John O'C. Fitz-Gerald, Lloyd C. Root, Chicago, Ill., for petitioner.

Charles J. Merriam, Chicago, Ill., for respondent.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

MAJOR, Circuit Judge.

This Court, on July 1, 1958, rendered an opinion denying petitioners' petition for a writ of mandamus. Upon petition for rehearing, it is ordered that such opinion be withdrawn and that all orders entered pursuant thereto be vacated and set aside.

The facts which give rise to the legal issue for decision are not in dispute. Petitioners, as plaintiffs, on March 1, 1957 filed in the United States District Court, Northern District of Texas, Dallas Division (hereinafter referred to as the Texas Court or District), a complaint charging R. P. Howell, Jr. and Lifetime Metal Building Company with patent infringement. Plaintiffs reside or are doing business within the Northern District of Illinois (hereinafter referred to as the Illinois District). The complaint alleged acts of infringement committed by defendants in the Texas District, and no acts of infringement, so far as known, committed by either of the defendants in the Illinois District. Service of process was had upon defendants in the Texas District. Defendants answered the complaint and the case was set for trial.

In the meantime, defendants submitted a motion requesting transfer of the action to the Illinois District, under Title 28 U.S.C.A. § 1404(a), stating in their motion that defendants waived lack of venue in the Illinois District. Over objection of plaintiffs (petitioners here), the Texas Court directed that, for the convenience of the parties and witnesses and in the interest of justice, the action be transferred to the Illinois District.

Plaintiffs, after denial of their motion to vacate the order of transfer, filed a petition for writ of mandamus in the United States Court of Appeals for the Fifth Circuit, requesting that Court to issue an order to show cause why a writ of mandamus should not be issued against the Texas District Judge, nullifying the transfer order. The Court of Appeals (5 Cir.) held that the District Court was empowered by statute to make the transfer, and denied leave to file the petition. Ex parte Blaski, 245 F.2d 737.

The papers and records in the Texas District infringement action were received in the Clerk's Office of the Illinois

District pursuant to the transfer order. Thereupon, petitioners filed a motion in the Illinois District for an order directing the transfer of and remandment of the action to the Texas District, on the ground that the Texas Court was without power to order the transfer and, consequently, the Illinois Court did not acquire jurisdiction. A hearing on the petition and response thereto was had before Honorable Julius J. Hoffman, a Judge of the Illinois District and respondent in the instant proceeding. Respondent, on March 14, 1958, entered an order denying petitioners' motion, and in an oral opinion stated his reasons therefor. Thereupon, petitioners filed in this Court the petition now before us for a writ of mandamus directing respondent to order such transfer and remand.

No question is raised, in fact all parties concede that under Sec. 1651(a), Title 28 U.S.C.A., mandamus is an appropriate means for testing the legality of the order in controversy. Furthermore, our jurisdiction, if there be any doubt, is supported by the decision of this Court in Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 212 F.2d 378.

The questions for decision appear to be correctly stated in petitioners' brief, and are as follows:

"(1) Whether a district court, having proper venue and jurisdiction over defendants in a patent infringement action, has the power under Section 1404(a), Title 28, U.S.C.A. to transfer the cause of action, on motion of the defendants and over the objections of the plaintiffs, to a district in which venue is not proper; and

"(2) Whether, under such circumstances, the transferee court acquires jurisdiction, or has the power to accept such a transfer."

Two statutory provisions are pertinent: Secs. 1400(b) and 1404(a), Title 28 U.S.C.A. § 1400(b), a venue provision, specifically applicable to actions for patent infringement, provides:

"Any civil action for patent infringement *may be brought* in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. [Italics supplied.]"

Section 1404(a), relating to change of venue, provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*. [Italics supplied.]"

It is not open to doubt but that petitioners' action was properly brought in the Texas District, where defendants not only resided but where the acts of infringement took place and where defendants had their regular and established place of business. It appears plain, also, that venue could not properly have been laid in the Illinois District. A solution of the problem before us reduces itself to the legal effect to be given the concluding phrase of Sec. 1404(a), "where it might have been brought." Does that phrase refer to the district where such an action "may be brought" under Sec. 1400(b)? If the question was of first impression, we would have no hesitancy in answering in the affirmative. It is a contradiction of terms and does violence to the plain, unambiguous language which Congress has employed, to reason that the Texas Court, with power to transfer the action only to a district "where it might have been brought," could exercise that power by ordering transfer to a district in which it could not have been brought.

If the Texas District had the power on motion of defendants to transfer the action to the Illinois District, it likewise had the power on a similar motion to transfer it to any District Court in the United States. Counsel for respondent argues that the Illinois District was one where the action "might have been brought" because it had general jurisdiction of an action for patent infringement and acquired jurisdiction of defendants

by their motion to transfer and their consent to trial in the Illinois District. Precisely the same argument could be made in support of the power of the Texas District if transfer had been made to any other District Court in the United States. Counsel's argument, if accepted, renders the phrase "where it might have been brought" meaningless. The transfer provision would be complete absent the phrase of limitation. This phrase, however, cannot be ignored under the guise of statutory construction; to do so amounts to statutory emasculation.

It must be clearly kept in mind that there is no issue of discretion involved in the instant matter either on the part of the Texas District Judge in ordering the transfer or on the part of the respondent in refusing to remand it. The sole issue is that of power on the part of one to transfer, on the part of the other to accept and entertain jurisdiction. Also, the general rule should not be overlooked that a Federal Court has only such jurisdiction or power as Congress has specifically conferred. The venue where a patent infringement action may be brought, as well as the district to which it may be subsequently transferred, has been clearly delineated by Congress.

When Congress provided for transfer to a district "where it might have been brought," it is hardly open to doubt but that it referred to a district where the plaintiff, in a case sought to be transferred, had a right to bring the case. Under the decisions of the Supreme Court and other courts, the action could have been properly brought only in the district (1) where defendant resides or (2) where defendant has committed acts of infringement and has a regular and established place of business. Under the admitted facts, the action could have been properly brought only in the Texas District. Conversely, it could not have been properly brought in the Illinois District.

In Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, the question for determination was whether Sec. 48 of the Judicial Code (Title 28 U.S.C.A. § 109) was the sole provision governing venue of patent litigation. Referring to that section, the Court stated (at page 562 of 315 U.S., at page 780 of 62 S.Ct.):

"Section 48 gives jurisdiction of suits for patent infringement to the United States district courts in the district of which the defendant is an inhabitant or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business."

On the following page the Court stated:

"We hold that Section 48 is the exclusive provision controlling venue in patent infringement proceedings."

Section 48, before the Court in Stonite, was the predecessor venue provision to Sec. 1400(b) of the present Code. The holding in Stonite, however, is equally applicable to the present venue provision, Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed. 2d 786. The Court in the latter case stated (at page 228 of 353 U.S. at page 791 of 77 S.Ct.):

"For it will be seen that § 1400(b) is equally clear and, also, that it deals specially and specifically with venue in patent infringement actions."

And again, on the following page:

"We hold that 28 U.S.C. § 1400(b), 28 U.S.C.A. § 1400(b), is the sole and exclusive provision controlling venue in patent infringement actions * * *."

See also the recent opinion by Judge Mercer in Gas Products Corp. v. George D. Roper Corp., D.C., 147 F.Supp. 853.

When Congress provided for the transfer of a case to a district "where it might have been brought," it meant the district where plaintiff has a recognized right to bring his case under the Venue Act and that this right was

unqualified and absolute, not depending upon consent of the defendant, evidenced by waiver, entry of appearance, or otherwise. If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district "where it might have been brought." If he does not have that right, independently of the wishes of defendant, it is not a district "where it might have been brought," and it is immaterial that the defendant subsequently acquiesces. The test is, did the plaintiff have an independent right to commence suit in the district to which it is sought to make transfer? If so, it is a district "where it might have been brought"; otherwise, it is not such a district. We recognize, of course, that venue may be waived under proper circumstances, but we do not think it can be waived in a forum in which an action has not and could not have been properly brought by the opposing party. To hold otherwise is to permit a defendant to select a forum not available to a plaintiff as a matter of right, and over plaintiff's objection.

■■ Respondent in his brief states: "Petitioners fail to recognize the difference between jurisdiction of the subject matter and venue over the particular defendants. The District Court had jurisdiction of the subject matter at the time the original suit was brought by reason of the very nature of the suit, *i.e.,* patent infringement."

True, every District Court has jurisdiction over patent infringement litigation generally but the suggestion must be novel, certainly not sound, that the Illinois Court acquired jurisdiction of the subject matter of the instant action at the time it was brought in the Texas District. No court, so far as we are aware, in an action for patent infringement or any other, acquires jurisdiction either of the subject matter or of the parties until the action is properly brought in such court. Furthermore, it begs the question to suggest that the Illinois Court acquired jurisdiction via

the transfer because that is dependent upon the issue for decision, that is, whether Congress has endowed the transferring court with power to order the transfer. As shown, the action could not properly have been brought in the Illinois Court, and, therefore, it was not a district "where it might have been brought." Consequently, the Texas Court was without power to order the transfer and the Illinois Court acquired neither jurisdiction nor venue of the action.

Our conclusion is based upon what we think is a clear congressional mandate. In Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, the Court held that the phrase "any civil action" found in Sec. 1404(a) was applicable to an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. In so doing the Court stated (at page 58 of 337 U.S., at page 946 of 69 S.Ct.):

"The court below relied on the language of § 1404(a), supra, which it regarded as 'unambiguous, direct, clear.' We agree. The reach of 'any civil action' is unmistakable. The phrase is used without qualification, without hint that some should be excluded."

In our view, the phrase "where it might have been brought" contained in the same section is equally unambiguous, direct and clear.

Notwithstanding the emphatic view which we entertain, it must be conceded that a solution of the problem has engendered much controversy in the courts and that there is respectable opposing authority, although upon analysis it is not as imposing as counsel would have us believe. An attempt to distinguish or analyze such cases in detail would unduly prolong this discussion. A reading of all the cases where the question has been considered leads to the view that the weight of authority sustains our conclusion in the matter.

■■ Respondent asserts that four Courts of Appeals have sustained the power of the court to transfer under the

circumstances of the instant case. Ex parte Blaski, 5 Cir., 245 F.2d 737; In re Josephson, 1 Cir., 218 F.2d 174; Anthony v. Kaufman, 2 Cir., 193 F.2d 85, and Torres v. Walsh, 2 Cir., 221 F.2d 319; Paramount Pictures, Inc., v. Rodney, 3 Cir., 186 F.2d 111. We regard Blaski as the most important of these cases because the Court refused to entertain a petition for mandamus directing the Texas District to vacate its order of transfer in the instant case. With great respect for that Court, we think its opinion discloses that it, like some other Courts, confused the issue of power to transfer with that of discretion where the power existed. In its opinion the Court stated (at page 738 of 245 F.2d):

"The purposes for which § 1404 (a) was enacted would be unduly circumscribed if a transfer could not be made 'in the interest of justice' to a district where the defendants not only waive venue but to which they seek the transfer."

This reasoning, so we think, ignores the statutory limitation of the power to transfer to a district "where it might have been brought." More than that, a court has no more right to unduly enlarge than it has to unduly circumscribe a limitation which Congress has specifically provided. In any event, we think the decision of the Fifth Circuit in this matter is erroneous. Such being the case, we are under no more obligation to follow it as the law of the case than that Circuit would be to follow what it considers an erroneous decision by this Court. See Wilson v. Kansas City Southern Ry. Co., D.C., 101 F.Supp. 56, 60.

In all the other cases above cited, except Torres v. Walsh, it appears that one or more of the defendants could have been sued in the district to which the action was transferred. Thus, the action "might have been [properly] brought" in such district. The Torres case involved an *in rem* proceeding in admiralty which presented a different situation as to venue and service. Notwithstanding that some points of distinction may be drawn between the cited cases (except

Blaski) and the instant case, it is fair to state that all of these cases contain language which in one way or another supports the power of the Texas Court in the instant matter.

The case most relied upon by respondent is Paramount Pictures, Inc. v. Rodney, 3 Cir., 186 F.2d 111. This case was decided by a court of five judges, two of whom dissented (Judges Hastie and McLaughlin). With due respect to the majority, we agree with the reasoning and logic of the dissenting opinion. The dissent states (at page 119 of 186 F.2d):

"But we do not see how the conduct of a defendant after suit has been instituted can add to the forums where 'it might have been brought.' In the normal meaning of words this language of Section 1404 (a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted."

In agreeing with the dissenting members of that Court, we find ourselves in good company. In General Electric Co. v. Central Transit Warehouse Co., D.C., 127 F.Supp. 817, Judge Whittaker (then a District Judge, now a Justice of the Supreme Court) also agreed with the dissenting members in the Paramount Pictures case. More than that, he analyzed and distinguished that case on its facts. In our view, the opinion by Judge Whittaker is sound. His reasoning and logic is unassailable and we think he reached the correct result. A striking statement in his opinion, referring to the construction, there sought as it is here, of the phrase "where it might have been brought," is (at page 826 of 127 F. Supp.):

"Would not such construction be to read that phrase entirely out of the statute? Would not such construction permit transfer of the action to *any district desired by the moving defendants,* though they, or some of them, could not have been served with process there, and no statutory venue existed there, and the action could not have been main-

tained there, without their intentional waiver of venue and entry of general appearance? I think no such treatment can be given to that phrase in the statute. It says Judge Learned Hand, '"presupposes at least two forums in which the defendant is amenable to process."' Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, 952."

We have read with interest Judge Hoffman's opinion. He makes a fair and detailed analysis of numerous cases. His counsel in this Court stated, "We, as counsel, cannot improve upon the discussion of the law on this subject which was included in Respondent's opinion." We agree that counsel have not improved upon Judge Hoffman's opinion. Among other things he stated:

"Gentlemen, personally I am of the opinion that the dissent in Paramount against Rodney is supported by the greater weight of reason and logic and that this Court, if I were to rely on my own personal inclination should retransfer this case to Texas.

"Those cases supporting transfer to this district, I think, do great violence to the established rules of statutory construction.

"They seem to create a doctrine of retroactive waiver in order to reach the conclusion that the action might have been brought."

After having thus reasoned, he concluded:

"I feel, however, I must follow the law as it appears to me to be established, especially in view of the fact that the Supreme Court has consistently refused to grant certiorari to those cases supporting transfer to this district."

It thus appears that respondent reasoned one way and decided the other. Certainly he had no sound basis for attaching weight to the fact that the Supreme Court has refused to grant certiorari in the cases supporting transfer. See Agoston v. Commonwealth of Pennsylvania, 340 U.S. 844, 845, 71 S.Ct. 9, 95 L.Ed. 619.

We have heretofore quoted from Judge Whittaker's opinion in General Electric Co. v. Central Transit Warehouse Co., D.C., 127 F.Supp. 817, which includes a statement from Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, 952, that it (referring to Sec. 1404(a)) "presupposes at least two forums in which the defendant is amenable to process." This Court, in Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 212 F.2d 378, 379 (footnote), cited with approval the statement from the Foster-Milburn case. Numerous District Courts have embraced this view of the transfer section. Nachtman v. Jones & Laughlin Steel Corp., D.C., 90 F.Supp. 739, 740; Wilson v. Kansas City Southern Ry. Co., D.C., 101 F.Supp. 56; Johnson v. Harris, D.C., 112 F.Supp. 338, 341; Mitchell v. Gundlach, D.C., 136 F.Supp. 169, 172; Felchlin v. American Smelting & Refining Co., D.C., 136 F.Supp. 577, 581; Hill v. Upper Mississippi Towing Corp., D.C., 141 F.Supp. 692, 694; Gilpin v. Wilson, D.C., 148 F.Supp. 493.

In the last cited case, the latest which we find on the subject, the Court after reviewing the case law decided that the transferee district must be one where the action might have been originally brought. In so deciding, the Court stated (at page 494 of 148 F.Supp.):

"The Court, while recognizing the divergence of authority on this question, is persuaded that a district wherein the action 'might have been brought' infers that the transferee district must be not only a district wherein venue lies and a complaint may be filed, as indeed one may file a complaint at will, but the transferee district must also be one in which the action might have been legally maintained and service of process effected upon the defendant. This view comprises the weight of authority and is represented by well-reasoned decisions from both the Second and Ninth Circuits."

Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, and Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777. The Court in Gilpin cites other cases which have expressed the same view, including Blackmar v. Guerre, 5 Cir., 190 F.2d 427, 429, wherein the Court stated:

> "Transfer under those sections [1404(a) and 1406(a)] is limited to districts where the suit could be originally brought. [Citing cases.]"

In Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, the Court considered the doctrine of *forum no conveniens* as it relates to Sec. 1404(a). In that connection, the Court discussed the transfer section together with the venue provision there involved. While the issue in the instant case was not directly involved, we think the reasoning by analogy supports the view that the transferee district must be one where the action could have been properly brought. See 337 U.S. at pages 59 and 60, 69 S.Ct. at page 946. Counsel for respondent attempt to escape the reasoning of Collett on the basis of Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, which it is claimed broadened the scope to be awarded Sec. 1404(a). The suggestion is without merit. Norwood had nothing to do with the statutory limitation on the power of a District Court to transfer. The case is concerned solely with the matter of the Court's discretion. The Court stated (at page 32 of 349 U.S., at page 546 of 75 S.Ct.):

> "As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."

For a discussion of the Norwood case see Clayton v. Swift & Co., D.C., 137 F.Supp. 219, 221.

So that there will be no misunderstanding as to our position on the power of a District Court to transfer an action to another district, we refer to a recent opinion of this Court. General Casualty Co. v. Grubb, 7 Cir., 253 F.2d 51. Unfortunately this case is sometimes cited in support of the thesis that a District Court has the power to transfer to a forum where the action could not have been originally brought. Whether the issue of power was before the Court in the Grubb case the opinion does not disclose. If so, it is evident that the issue was undecided. The case was decided solely on the issue of the District Court's discretion to order the transfer. As the Court stated (at page 53 of 253 F.2d):

> "On the other hand, we are appraising discretion exercised under § 1404 by the district court and all we can do is to determine whether the respondent Judge abused it while at the same time, guarding against substituting our discretion for his."

The writ of mandamus is allowed, and respondent is directed to vacate and set aside his order entered March 14, 1958, and to order the action remanded to the United States District Court, Northern District of Texas, Dallas Division.

FINNEGAN, Circuit Judge (dissenting).

An opinion in this case, written by me, and in which Judge Major and Judge Schnackenberg joined with me, was handed down July 1, 1958. Now my two colleagues have changed their position, and on rehearing ordered withdrawal of our earlier unanimous opinion. Since I adhere to my original position of refusing the peremptory writ of mandamus in this case, I am explaining my reasons for dissenting.

At the outset, I underscore two items. (1) The record underlying this current majority opinion has remained unchanged since the day when we three judges handed down our first Blaski opinion. (2) John F. Blaski, MPH Manufacturing Corporation, Inc., Peter S. Peder-

son, Peter S. Pedersen, Jr., co-partners d/b/a Central Farm Equipment Company, petitioners here, had earlier, October 3, 1955, sought a writ of mandamus in our Court to expunge Judge Tehan's order transferring their case brought in the Eastern District of Wisconsin against Inland Steel Products Company, LeRoy Hermann and Robert Anderson, defendants, from the Eastern District of Wisconsin to the Northern District of Illinois for consolidation with other suits then pending in the latter District Court. Those cases involve the same patent as the case at bar. Judge Schnackenberg joined with Judge Lindley in an order, entered October 3, 1955, denying the petition of Blaski, et al. for mandamus. The petition for a writ of mandamus in that case shows Blaski, et al. challenged the power of Judge Tehan to transfer, or in the alternative, claimed the District Judge abused his discretion.

Ex parte Blaski, 5 Cir., 1957, 245 F.2d 737 is the Fifth Circuit's opinion denying leave to file a petition for a writ of mandamus to vacate the order entered by the United States District Court in Texas transferring the case at bar to the Northern District of Illinois. Judge Jones, speaking for the Fifth Circuit, when rejecting the petition presented by Blaski, pointed out (245 F.2d 737):

"The movants here, who were plaintiffs in the district court, have their *residence* in the Northern District of Illinois. They instituted suit in the district court for the Northern District of Texas against several defendants, all of whom reside in the Northern District of Texas. * * * The defendants made a motion to transfer the cause, pursuant to 28 U.S.C.A. § 1404(a), to the Northern District of Illinois. In their motion the defendants stated that their witnesses were much closer to the court in Illinois than to the court in Texas. They also state, among other averments, *that there is pending in the district court for the Northern District of Illinois a consolidated action in which the plaintiffs in the Texas suit* were charging infringement of the *same patent as was involved in the suit in Texas.* It was shown that in the action in the Northern District of Illinois much pre-trial information and evidence had been developed which would be relevant in the case commenced in the Northern District of Texas. *The defendants waived their right to be sued in the Northern District of Texas and consented to the consolidation of the action with the cause pending in Illinois.* * * *

"The plaintiffs say that none of the defendants reside in Illinois and have not committed in Illinois any acts of infringement, that process issued in Illinois could not have been served on the defendants and therefore the action could not 'have been brought' in the district to which it was transferred. The attempted waiver, the plaintiffs say, is ineffectual." (Italics supplied.)

As I understand Judge MAJOR's opinion in this rehearing, he holds that unless there is venue under 28 U.S.C.A. § 1400 in at least two forums, a trial judge is restrained from basing any order of transfer on 28 U.S.C.A. § 1404(a). In reaching that result Judge MAJOR disagrees, as I view it, with the Fifth Circuit that a transfer is proper on motion of a defendant who consents to the transfer (by waiving venue in the transferor court) even though the defendant is not amenable to venue in the transferee court selected by such movant, I doubt if any one would seriously urge that the Fourco Glass Co. v. Transmirra Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 holding precludes all transfers of patent cases when § 1404(a) is involved, especially after noticing the words "any civil action" used by Congress in § 1404 (a).

Literally speaking, the defendants-litigants in the case before us, "waived their right to be sued in the Northern District of Texas" [See 245 F.2d 737]; they did not, with all deference to Judge

MAJOR, waive venue "in a forum in which an action had not been and could not be properly brought by an opposing party."

Venue under 28 U.S.C.A. § 1400(b) means only the place where these defendants could require the case to be tried and, as a word "venue" refers neither to jurisdiction nor power to decide the case. Locality of trial is a personal privilege which these defendants could waive. In re Josephson, 1 Cir., 1954, 218 F.2d 174, 184–185, and cases there collected. Venue for commencing patent suits is predetermined by § 1400(b), but there is nothing in that section contained preventing the place of trial from being shifted in accordance with the yardsticks of "the convenience of parties and witnesses, in the interest of justice," provided by § 1404. These Texas defendants have consented to consolidation of the Texas suit with those long since pending in Illinois.

I think the Fifth Circuit penetrated the problem at hand and soundly concluded that:

> "The rule which to us seems the better reasoned and which has been adopted by the majority of the courts, permits the transfer upon the motion or with the consent of the defendants even though they could not have been served with the process of the transferee court * * " (245 F.2d 737, 738).

Judicial discretion came into play after the defendant waived venue in Texas and consented to the consolidation with Illinois pending litigation on the same patents. Rather than abuse of discretion I find the District Judge in Texas displayed some sound practical common sense. Indeed I think the bare words "where it might have been brought" in § 1404(a), are being used here as an intellectual go-cart just to wheel the case back again to Texas. This case ought to be resolved on its peculiar facts and against the background of lawsuits begun by Blaski, in Wisconsin and Texas. As I have previously said, there appears to be no legalistic reason just why the re-spondent Judge should overrule the Fifth Circuit. I would deny the petition for writ of mandamus just as I would have struck down a petition in the nature of a writ of prohibition, which at least would have been potentially more appropriate.