308 F.2d 803
 Ex parte GULF, COLORADO & SANTA FE RAILWAY COMPANY, Praying for a Writ of Mandamus or Prohibition.
(Walter W. DOVE v. GULF, COLORADO & SANTA FE RAILWAY COMPANY, United States District Court for the Eastern District of Texas, Beaumont Division, Civil Action No. 4563).
 No. 19820.
 United States Court of Appeals Fifth Circuit.
 September 25, 1962.
 
 Chilton O'Brien, Beaumont, Tex., for petitioner.
 Before CAMERON, BROWN and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Gulf, Colorado & Santa Fe Railway Company, prays that we enter a writ of mandamus or prohibition directing the lower court to transfer from the Eastern District of Texas, Beaumont Division, to the Abilene or San Angelo Divisions of the Northern District of Texas a F. E. L. A. suit instituted against petitioner by Walter W. Dove. We think that the court below considered the relevant factors incident to such a petition, that it correctly construed the statute under which the petition was brought,[1] and that it has not clearly abused its discretion. It follows that, under the decisions of this Court in Ex Parte Blaski, 5 Cir., 245 F.2d 737, 738, and cases there cited, the petition ought to be denied.
 
 
 2
 The court below had two hearings on the petition and entered two separate orders, and it referred to like action it had taken in six other civil actions wherein the same petitioner had sought to have civil actions transferred. In those cases the trial court had expressed a willingness to issue certificates for interlocutory appeals under 28 U.S.C.A. § 1292 (b), although it was not convinced that such appeals would materially advance the ultimate termination of the litigation involved.
 
 
 3
 We do not think the facts advanced by the petitioner show that the court below has clearly abused its discretion in refusing the transfer order desired by petitioner, and the petition for writ of mandamus or prohibition is
 
 
 4
 Denied.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C.A. § 1404(a)
 
 
 
 5
 JOHN R. BROWN, Circuit Judge (dissenting).
 
 
 6
 I respectfully dissent. The record seems overwhelmingly to demonstrate that (a) none of the conduct forming the basis of the complaint occurred within the territorial jurisdictional limits of the forum selected by plaintiff; (b) all witnesses to the occurrence forming the basis of the complaint are resident in Brownwood, Texas, which is approximately three hundred sixty (360) miles distant from Beaumont, seventy-five (75) miles distant from Abilene and one hundred (100) miles distant from San Angelo; (c) none of the witnesses to the occurrence reside within the territorial jurisdictional limits of the forum selected by plaintiff; and (d) all of the witnesses to the occurrence reside more than one hundred (100) miles from the forum selected by plaintiff and are beyond reach of its process.
 
 
 7
 Indeed the only connection that the District Court for the Eastern District of Texas has with this case is that the plaintiff's counsel (not the plaintiff) resides and practices within that District. The plaintiff resides, as do all of the witnesses, in Brownwood, Texas, far removed from Beaumont.
 
 
 8
 I think we should order a transfer of the case for trial. Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 1954, 220 F.2d 299, cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735.