**GENERAL CASUALTY COMPANY of America, a corporation, Petitioner,**

v.

**The Honorable Kenneth P. GRUBB, Judge of the United States District Court for the Eastern District of Wisconsin, Respondent.**

No. 12141.

United States Court of Appeals
Seventh Circuit.

March 5, 1958.

Writ of Certiorari Denied June 9, 1958.
See 78 S.Ct. 1152.

**52**

Suel O. Arnold, Dougherty, Arnold, Philipp & Murray, Milwaukee, Wis., for petitioner.

Sydney M. Eisenberg, Milwaukee, Wis., amicus curiae.

Cornelius C. Shields, Milwaukee, Wis., for respondent.

Before FINNEGAN, HASTINGS and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

An automobile accident occurred on October 15, 1952 in the State of Okla-

homa and Helen E. Keller, wife of Gustave F. Keller, was injured while riding as a passenger in her husband's automobile. At that time Gustave was operating the automobile and the Kellers were, and still are, citizens and residents of Wisconsin. General Casualty Company of America, petitioner in our court, a corporation organized under the laws of the State of Washington and licensed to transact business in Wisconsin had earlier issued its policy of automobile insurance, containing the usual provisions includible under Wisconsin law, to Gustave in that State. Helen sued Gustave in an Oklahoma state court during 1954 and recovered a money judgment (now on appeal to the Oklahoma Supreme Court), as compensation for her personal injuries suffered in the accident. According to the district judge, the record was (and it still is) silent as to whether General paid Helen on the judgment she recovered from Gustave.

■ Some time in 1957, General filed a complaint for declaratory judgment in the United States District Court, Eastern District of Wisconsin, joining Helen and Gustave as party defendants and, asking that the court find no liability under the insurance policy on the grounds Gustave breached it by his failure to cooperate with General; that the breach nullified the contract of insurance. Shortly after that Wisconsin suit was commenced, the Kellers in their respective capacities as defendants invoked § 1404 of 28 U.S.C., and successfully moved for an order of transfer from the United States District Court in Wisconsin to a named United States District Court in Oklahoma. Judge Grubb is a respondent in the original petition for mandamus now before us, because he granted the defendants' motions for transfer to Oklahoma. The district judge also denied a temporary injunction sought by General to restrain the Kellers from bringing an action on the policy in Oklahoma against General for payment of the judgment Helen took from Gustave. General's motion for in-

junctive relief was denied by the respondent Judge "without prejudice to the renewal of the motion in the United States District Court for the Northern District of Oklahoma." By its original petition for mandamus filed in our court General would have us direct Judge Grubb to vacate his transfer order and retain jurisdiction over the declaratory judgment action in Wisconsin. Had the motions for transfer been denied and the declaratory judgment action retained by the district court in Wisconsin our appellate jurisdiction would be intact, but granting the motions, obviously, shifts the case, should we refuse the writ, out of our circuit; consequently we can, at least with propriety, entertain the petition for mandamus without tacitly assuming the All Writs Act (28 U.S.C. § 1651) confers independent appellate powers over interlocutory appeals. Cf. LaBuy v. Howes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290. Yet issuance of a writ of mandamus, even for protecting our appellate jurisdiction when the case, as here, is within the reach of the All Writs Act, remains a matter of discretion for our court. On the other hand, we are appraising discretion exercised under § 1404 by the district court and all we can do is to determine whether the respondent Judge abused it while at the same time, guarding against substituting our discretion for his.

The petition before us is all surface and articulation; it disintegrates when tested for persuasive substance. With all of the occurrence witnesses, court reporter, and local attorneys situated in Oklahoma, the respondent Judge could well, within his decretion, decide that was the place to adjudicate whether Keller cooperated—especially during the trial of the tort action—with his insurance company, General insists Wisconsin insurance law will be unused by the Oklahoma federal court. We are left to speculate, and certainly decline to hunt down reasons, why, if this view is sound, it would be of overwhelming importance; indeed if it is of moment the utter lack of showing the asserted detriment is puzzling. General's fear of another lawsuit against it in Oklahoma apparently compels this opposition to the transfer—yet it can move for injunctive relief in the transferee court—though it is obvious this worry is enhanced by ordering it to that jurisdiction where a counterclaim might be filed. By their motion to transfer defendants have agreed to become amenable to process in Oklahoma, and we cannot say Judge Grubb abused his discretion by viewing their consent as squaring with the phrase "where is might have been brought" found in § 1404. See Ex parte Blaski, 5 Cir., 1957, 245 F.2d 737.

The petition for mandamus is denied.