The MERRITT CORPORATION, Plaintiff,

v.

Marion B. FOLSOM, Secretary of U. S. Department of Health, Education, and Welfare, George P. Larrick, Commissioner, Food and Drug Administration, Department of Health, Education, and Welfare,

William P. Rogers, Attorney General of the United States, Defendants.

Civ. No. 338–58.

United States District Court
District of Columbia.

May 21, 1958.

**420**

Oliver Gasch, U. S. Atty., Robert J. Asman, Asst. U. S. Atty., William W. Goodrich, Asst. Gen. Counsel, Dept. of Health, Education and Welfare, Washington, D. C., for U. S.

Harry M. Edelstein, Washington, D. C., Milton A. Bass, New York City, for plaintiff.

CURRAN, District Judge.

### Findings of Fact

1. On February 11, 1958, the plaintiff, Merritt Corp., filed a complaint for injunction seeking to restrain the defendant government officials from instituting further seizure actions against plaintiff's drug product, "Clarimycin Anti-Biotic Acne Lotion."

2. Pursuant to Section 304 of the Federal Food, Drug, and Cosmetic Act [21 U.S.C.A. § 334] the defendants have caused to be instituted six seizure actions in various parts of the country against "Clarimycin." There was no Section 304 determination of probable cause.

3. Each of the seizure actions instituted allege that "Clarimycin" is a new drug which may not be introduced into interstate commerce under the provisions of Section 505(a) [21 U.S.C.A. § 355(a)], since an application filed pursuant to Section 505(b) [21 U.S.C.A. § 355(b)] is not effective with respect to the drug.

4. The active ingredient of "Clarimycin" is the antibiotic neomycin sulfate.

5. From 1949 to 1955 all neomycin sulfate preparations were deemed to be new drugs requiring the filing of an application pursuant to Section 505 [21 U.S.C.A. § 355] before the drug could be marketed in interstate commerce.

6. In 1955 certain types of neomycin sulfate preparations were declared by the United States Food and Drug Administration no longer to be new drugs when labeled for use only for the prevention of infections in the temporary self-limiting conditions of minor cuts, burns and abrasions.

7. Plaintiff markets its neomycin sulfate lotion preparation in interstate commerce for sale to the layman with labeling recommending use of the product for the treatment of acne.

8. Acne vulgaris is a chronic, recurring disease condition of the skin which may last for years and which therefore requires treatment for a prolonged period of time.

9. When viewed in the light most favorable to it, plaintiff's medical affidavits assert that topical neomycin sulfate is generally recognized by experts as safe in the treatment of acne, even when used over prolonged periods of time.

10. Defendant's medical affidavits assert that topical neomycin sulfate is not generally recognized as safe by experts in the treatment of acne, because it has been shown to produce sensitization and cross-sensitization to streptomycin, an antibiotic valuable in the treatment of serious disease conditions. In addition, that use of neomycin sulfate for the treatment of acne is a new use for neomycin sulfate both because it has not been generally used for such a disease before and also because prolonged administration, which is required in an acne treatment, is a new method of utilizing the drug.

## Conclusions of Law

■ The Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334, imposes no limitations upon the number of seizure actions which may be instituted under a "New Drug" charge, i.e. that the drug is one which may not, under the provisions of Section 505 [21 U.S.C.A. § 355] be introduced into interstate commerce.

■ 2. Multiple seizures based on a "New Drug" charge may be instituted without the making of any probable cause determination under Section 304 [21 U.S.C.A. § 334].

■ 3. The newness of a drug, within the meaning of the Federal Food, Drug, and Cosmetic Act may arise by reason of, among others, a new or different recommended use for the drug, or a new or different duration of administration, even though the same drug may not be a new drug when used in another disease or other duration of administration.

■ 4. From the affidavits submitted it appears that a difference of medical opinion exists among the experts on whether topical neomycin sulfate is generally recognized as safe for the treatment of acne.

■ 5. Where there is a genuine difference of medical opinion among the experts on the question of whether a drug is generally recognized as safe for the treatment of a particular disease, it must be concluded that the drug is not *generally* recognized as safe for use in the treatment of that disease.

■ 6. It cannot be said therefore, that the defendant government officials have acted unreasonably or arbitrarily. The medical affidavits submitted by the defendants leave no doubt as to the good faith of the officials.

■ 7. The institution of lawsuits alleging violation of the Federal Food, Drug, and Cosmetic Act is a matter of discretion vested in the defendant officials.

■ 8. Where discretion is vested in a government official and he acts in good faith in the light of the facts he ascertains and the judgment he forms, a Court cannot restrain him from acting, on the ground that he has exceeded his jurisdiction, even if his conclusion might have been induced by an error of fact or law.

■ 9. The defendant officials here were properly exercising the powers of the sovereign and the Court may not enjoin that action.

10. The Court is without jurisdiction to enjoin the defendants.

11. Plaintiff's motion for a temporary injunction will be denied.

12. There exists no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law on their motion to dismiss and for summary judgment.

13. Defendant's motion to dismiss and for summary judgment will be granted.

Let judgment be entered accordingly.