**LEMMON PHARMACAL CO., Plaintiff,**

v.

**Elliott L. RICHARDSON, Acting Secretary of Health, Education and Welfare, Roger O. Egeberg, M.D., Assistant Secretary for Health and Scientific Affairs and Charles C. Edwards, M.D., Commissioner of Food and Drugs, Defendants.**

Civ. A. No. 68-921.

United States District Court,
E. D. Pennsylvania.

Oct. 26, 1970.

**376**

Raymond D. McMurray, Condon & McMurray, New York City, William R. Pendergast, Condon, McMurray & Pendergast, Washington D. C., George V. Strong, Philadelphia, Pa., for plaintiff.

Victor Wright, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FULLAM, District Judge.

In this action plaintiff seeks a declaratory judgment that Regulation 3.63 of the Federal Drug Administration, 21 C. F.R. 3.63 is illegal. The prayer for relief also asks that the F.D.A. be enjoined from enforcing Regulation 3.63, and that the plaintiff's product, Obestat, be declared safe and effective for its prescribed use. Presently before the Court is the government's motion for summary judgment pursuant to Fed.R. Civ.P. 56.

By way of background, prior to 1962 a drug was not considered a new drug subject to the new drug provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355, if it was generally recognized by qualified medical experts to be safe for its intended use. From and after October 10, 1962, a drug is considered a new drug unless it is generally recognized to be both safe and *effective*. However, a grandfather clause, P.L. 87–781; 76 Stat. 781, was included in the 1962 amendments which provides that if, prior to the effective date of the amendment, a drug was (1) commercially used or sold; (2) not a new drug under the pre-1962 definition, and (3) not the subject of a pending new drug application, the "effectiveness" requirement of the 1962 amendment was not applicable.

Regulation 3.63, adopted April 11, 1968, provides:

"§ 3.63. *Thyroid-containing drug preparations intended for treatment of obesity in humans*.

"(a) Investigation by the Food and Drug Administration has revealed that a large number of drug preparations containing thyroid or thyrogenic substances in combination with central nervous system stimulants, with or without one or more additional drug substances such as barbiturates or laxatives, are being marketed for or as adjuncts to the treatment, con-

trol, or management of obesity in humans. The Commissioner of Food and Drugs finds that the administration of such combinations for said purposes is without medical rationale except possibly in those relatively uncommon instances where the condition is directly related to hypothyroidism and there exists a concurrent need for appetite control (in such instances the safety and effectiveness of such combinations are not generally recognized). In particular, the Commissioner of Food and Drugs finds that neither the consensus of informed medical opinion nor clinical experience justifies any representation that such combinations are safe and effective in connection with the treatment, control, or management of obesity in patients having normal thyroid function.

"(b) Combinations of thyroid or other thyrogenic drugs with central nervous system stimulants with or without other drug substances when offered for or as adjuncts to the treatment, control, or management of obesity not related to hypothyroidism are regarded as misbranded. Such combinations when offered for obesity in humans directly attributable to established hypothyroidism are regarded as new drugs within the meaning of section 201(p) of the Federal Food, Drug and Cosmetic Act."

It is agreed by the parties that Obestat is a drug within the meaning of the Act and that Regulation 3.63 is applicable to it.

The significance of this regulation lies in the fact that plaintiff's product, and many others, are effectively categorized as a new drug within the meaning of 21 U.S.C. § 321(p). As a consequence of this, the marketing of Obestat without approval of a new drug application filed pursuant to 21 U.S.C. § 355 exposes the plaintiff to seizure of its product, 21 U.S.C. § 334, injunctive proceedings, 21 U.S.C. § 332, and criminal prosecution, 21 U.S.C. § 333.

I

Apparently, the government's motion for summary judgment is premised on the theory that this Court is precluded by the doctrine of primary jurisdiction from granting the plaintiff's request for relief that Obestat be declared safe and effective for its prescribed use. In support of this theory, the government argues that the new drug qualification procedures of section 355 are available to resolve this precise issue, and that, consequently, this Court should not and cannot grant the relief requested.

■ The determination of the actual safety and effectiveness of a particular drug is one of the essential functions of the F.D.A. Because of the complex and technical nature of the factual issues and the expertise necessary to evaluate these facts, the determination of the safety and effectiveness of Obestat is best left to the F.D.A. in the first instance. There is no doubt that the doctrine of primary jurisdiction is applicable to this case. Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952); Tyler Pharmacal Dist. Inc. v. United States Dept. of H.E.W., 408 F.2d 95 (7th Cir. 1969); AMP, Inc. v. Gardner, 389 F.2d 825 (2d Cir.) cert. denied, 393 U.S. 825, 89 S.Ct. 86, 21 L.Ed.2d 95 (1968). See also, Pan Amer. World Airways, Inc. v. United States, 371 U.S. 296, 331, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963) (Justice Brennan dissenting).

II

Paragraph 6 of the complaint and the defendants' answer raise the issue of whether Obestat has ever been generally recognized as safe, since its initial marketing in 1958. The defendants' motion for summary judgment is also addressed to this aspect of the plaintiff's claim. Both sides have submitted affidavits in support of their respective positions.

The plaintiff, relying on its affidavits, argues that summary judgment is

not proper, because a genuine issue of fact exists relating to the general recognition of Obestat as a safe or effective prescription drug. On the other hand, the defendants argue that even assuming the plaintiff's affidavits evidence a contrariety of medical opinion, summary judgment must be granted because the existence of a conflict in medical opinion *a fortiori* demonstrates that Obestat cannot be generally recognized as safe or effective. Courts dealing with similar controversies have not been altogether consistent in relating the summary judgment standards of Rule 56 to the statutory concept of "general recognition." Merritt Corp. v. Folsom, 165 F.Supp. 418 (D.D.C.1958) and United States v. 354 Bulk Cartons, 178 F.Supp. 847 (D. N.J.1959) held that summary judgment in favor of the government should be granted whenever a conflict of qualified medical opinion is evidenced by the parties' affidavits. More recently, however, the *Merritt* rule has been regarded as inappropriate in view of the "genuine issue of fact" standard of Rule 56. AMP, Inc. v. Gardner, *supra*; United States v. Seven Cartons * * * Ferro-Lac, 293 F.Supp. 660 (S.D.Ill.1968); United States v. Article Consisting of 36 Boxes, 284 F.Supp. 107 (D.Del.1968), aff'd 415 F.2d 369 (3rd Cir. 1969).

■ The cited cases, in my opinion, require a discriminating analysis of the affidavits submitted by the parties to determine whether there really is a triable issue as to general recognition. Not every conflict in medical opinion is necessarily adequate to negative general recognition.

In the present case, upon review of the affidavits submitted by the respective parties, I am persuaded that summary judgment should be granted in favor of the government.

■ Plaintiff's affiants, Drs. Gordon and Danowski, both acknowledge that the medical educational community in this country does not teach the use of thyroid except for thyroid deficiency. This fact, coupled with the specific dangers pointed out by the government's affiants as being inherent in Obestat because of its thyroid content, and the non-responsiveness of the plaintiff's affidavits to these specific dangers, justifies the conclusion that no genuine issue of fact exists for trial. Obestat has never been generally recognized as safe, since its initial marketing in 1958. It has always been a "new drug."

In view of this conclusion, it is clear that the government is entitled to summary judgment.