Stephanie Lynn HOSPES, a minor, et al., Plaintiffs,

v.

BURMITE DIVISION OF the WHITTAKER CORPORATION, Defendant.

McDONNELL DOUGLAS CORPORATION, Defendant and Third-Party Plaintiff,

v.

WRIGHT AERONAUTICAL DIVISION OF CURTISS–WRIGHT CORPORATION and Stencell Aero Engineering Corporation, Third-Party Defendants.

Civ. A. No. J75–357(N).

United States District Court, S. D. Mississippi, Jackson Division.

Sept. 24, 1976.

Jerome B. Steen, William M. Dalehite, Jr., Jackson, Miss., for plaintiffs.

William E. Suddath, Jr., for defendant and third-party plaintiff, McDonnell Douglas Corp.

Junior O'Mara, Kenneth W. Barton, Jackson, Miss., for third-party defendant, Wright Aeronautical Division of Curtiss Wright Corp.

## MEMORANDUM OPINION

NIXON, District Judge.

This is a wrongful death action instituted by the minor plaintiffs by and through their guardian ad litem for the death of their father in the crash of a McDonnell Douglas A–4 Skyhawk aircraft on July 3, 1969, at Flagler Beach, Florida. The case is before the Court at this time on the Motion to Dismiss filed by the third party defendant, Curtiss-Wright Corporation, which presents several unique and intriguing issues.

This Complaint was originally filed in the Superior Court of California for the County of Los Angeles against McDonnell Douglas Corporation, Sara Hospes, and Does 1–50, fictitious names for unknown defendants. The Complaint was subsequently amended to name as a party-defendant the Burmite Division of the Whittaker Corporation.

McDonnell Douglas answered the Complaint and also filed a Cross-Complaint, comparable to a Third Party Complaint, for indemnity against Curtiss-Wright Corporation, Stencell Aero Engineering Corporation, and Does 1–20. Curtiss-Wright filed an Answer to the Cross-Complaint of McDonnell Douglas.

Subsequently the case was removed to the United States District Court for the Central District of California based upon diversity of citizenship. Plaintiff filed a Motion to Remand, which was denied, and a Motion to Reconsider, which was also denied. In its Order denying the Motion to Reconsider, the District Court in California, sua sponte, transferred this case to this Court, presumably because a similar suit had been filed herein against McDonnell Douglas Corporation by Sara Hospes, widow of the deceased and mother of the minor plaintiffs in the instant case for the wrongful death of her husband. *See Sara M.*

*Hospes v. McDonnell Douglas Corporation, et al.,* Civil Action No. J75–211(R).

After the transfer of the instant case to this Court, the plaintiffs petitioned the United States Court of Appeals for the Ninth Circuit for a Writ of Mandamus and a Writ of Prohibition to restrain the U.S. District Court in California from exercising removal jurisdiction and to direct it to vacate and set aside its Order of Transfer. This Petition was denied in a one-line Order: "The petition for mandamus is denied." *Hospes v. U. S. District Court for the Central District of California,* No. 75–3836 (9th Cir., June 9, 1976).

Curtiss-Wright took no position on plaintiffs' Petition to the Ninth Circuit. Instead, without awaiting a response thereon, it on March 19, 1976 filed in this Court a Motion to Dismiss for Lack of In Personam Jurisdiction. In support of its Motion it filed the affidavit of Seymour S. Bitterman, Senior Vice President of Curtiss-Wright Corporation, which in summary states: Curtiss-Wright is a Delaware corporation with its principal place of business in New Jersey. It is not licensed to do or doing business in the State of Mississippi. It has no officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process in Mississippi. No component part of the aircraft involved in this suit was designed, manufactured, or assembled by Curtiss-Wright or anyone on its behalf in the State of Mississippi. With reference to this litigation, Curtiss-Wright has never made a contract with a resident of Mississippi to be performed in whole or in part in Mississippi, has never committed a tort in whole or in part in Mississippi against a resident of this state, and has not conducted any business or performed any character of work or service in Mississippi. Curtiss-Wright has no property, bank accounts, employees, sales, or any other contracts or presence within the State of Mississippi sufficient to subject it to the jurisdiction of this Court.

At the April 15, 1976 original hearing on Curtiss-Wright's Motion we reserved ruling pending the Ninth Circuit's decision on the Plaintiff's Petition for a Writ of Mandamus and for a Writ of Prohibition. The Motion was re-argued on August 24, subsequent to the Ninth Circuit's denial of plaintiff's Petition.

McDonnell Douglas has not attempted to deny or contradict the Bitterman affidavit. Instead, it has raised three novel defenses to Curtiss-Wright's motion, none of which is persuasive.

McDonnell Douglas first contends that the Ninth Circuit's denial of plaintiff's Petition is res judicata on all jurisdictional issues in this case. Specifically, McDonnell Douglas argues that the plaintiff argued to the Ninth Circuit that Curtiss-Wright was not amenable to process in Mississippi, that the transferee court in Mississippi therefore lacked jurisdiction over Curtiss-Wright, and that this Court did not qualify as a transferee forum. McDonnell Douglas contends that in denying plaintiff's Petition with a one-line Order, the Ninth Circuit adjudicated that the transfer was proper and that this Court has jurisdiction of all parties before it in the transferred action, regardless of whether it would have been possible to obtain valid service of process on Curtiss-Wright in this Court.

We think that this argument has been rejected in *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Blaski brought a patent infringement action in the United States District Court for the Northern District of Texas against certain defendants who were residents of, and maintained their only place of business in that District. After being served with process and answering, the defendants moved under 28 U.S.C. § 1404(a) to transfer the action to the United States District Court for the Northern District of Illinois. Despite Blaski's objections that, since the defendants could not have been served with process in Illinois, the transferee court was not a forum in which the action could have been brought, the Texas court transferred the case to the Northern District of Illinois. Thereupon, Blaski moved in the Fifth Circuit for leave to file a Petition for a Writ of Mandamus directing the vacation of that

Order, but the Motion was denied. *Ex parte Blaski,* 245 F.2d 737 (5th Cir.), *cert. denied,* 355 U.S. 872, 78 S.Ct. 122, 2 L.Ed.2d 76 (1957). Blaski promptly thereafter moved in the Illinois court for an Order remanding the action to the Texas court. When this Motion was denied, Blaski petitioned the Seventh Circuit for a Writ of Mandamus to compel the Illinois district court to reverse its Order. The Seventh Circuit granted this Petition, *Blaski v. Hoffman,* 260 F.2d 317 (7th Cir. 1958), and the Supreme Court granted certiorari.

The Supreme Court rejected the argument that the Fifth Circuit's denial of the Petition for a Writ of Mandamus was res judicata on the issue of the Illinois Court's jurisdiction:

> That order did not purport to determine the jurisdiction of the transferee court and therefore did not preclude Judge Hoffman [the Illinois District Court Judge] of power to determine his own jurisdiction, nor did it preclude the power of the Seventh Circuit to review his action. . . . Here the sole basis of the right of the Fifth Circuit to entertain the petition for a writ of mandamus was to protect its appellate jurisdiction, and, by denying leave to file the petition, it forsook such right, but it did not thereby determine that the Illinois District Court had jurisdiction of the action.

363 U.S. at 340–41 n.9, 80 S.Ct. at 1088 (citations omitted).

McDonnell Douglas attempts to distinguish *Hoffman v. Blaski* from the instant case by arguing that the Fifth Circuit in *Ex parte Blaski* rejected the Petition for a Writ of Mandamus without giving serious consideration to the merits of the issues presented, whereas the Ninth Circuit in the instant case invited briefs from the parties, evidencing its careful consideration of the issues. We can find no basis for this distinction. The Fifth Circuit's Opinion in *Blaski* carefully set forth the facts of the suit, weighed the arguments of the parties, discussed the authorities on the issues presented, and outlined the rationale of its denial of the Petition. By contrast, the Ninth Circuit in the instant case issued a one-line Order denying plaintiff's Petition. Based upon the evidence before us, we see no superior rationale in the Ninth Circuit's Order which would justify the distinction which McDonnell Douglas seeks to draw.

■ There are other obvious reasons why the Ninth Circuit's one-line denial of a Writ of Mandamus may not operate as res judicata on the jurisdictional issues of this case, one of which was pointed out by the Supreme Court in *Hoffman v. Blaski* in the language quoted above. The sole basis of the right of the Appellate court to entertain the Petition for a Writ of Mandamus is to protect its appellate jurisdiction, and by denying leave to file such a Petition, it forsakes this right but does not determine the district court's jurisdiction.

We also think that the inference which McDonnell Douglas attempts to draw from this one-line Order is unfounded. Although the Order could be interpreted as a determination that this Court has jurisdiction of all parties, as McDonnell Douglas argues, we think it is equally likely that the Ninth Circuit's Order simply recognizes that the jurisdictional issues should properly be determined in the first instance by this Court, rather than by an appellate court on a Petition for a Writ of Mandamus.

■ An equally cogent reason for rejecting McDonnell Douglas' argument lies in the scope of mandamus, an extraordinary remedy to be exercised only where a district court has clearly abused its discretion or usurped its judicial power, which is reserved only for the most exceptional causes. *United States v. United States District Court, Southern District of Texas,* 506 F.2d 383 (5th Cir. 1974). Mandamus does not run the gauntlet of reversible error. Its office is not to control the decision of the trial court but rather merely to confine the lower court to the sphere of its discretionary power. *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

■ By contrast, on a Motion to Dismiss for Lack of Personal Jurisdiction it is the respondent, not the movant, who bears the

burden of proof by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). It is obvious, therefore, that the rejection of the plaintiffs' argument on their Petition for a Writ of Mandamus, which is reserved for the most exceptional circumstances, may not in any way operate as res judicata on this jurisdictional issue on which the movant does not even bear the burden of proof.

McDonnell Douglas next argues that Curtiss-Wright waived its objections to this Court's jurisdiction by failing to submit a brief or otherwise state its position to the Ninth Circuit on plaintiffs' Petition for a Writ of Mandamus. McDonnell Douglas has submitted no authority in support of this argument, and we think that there can be none. Fed.R.Civ.Proc. 12(b) contemplates two methods of raising the defense of lack of jurisdiction over the person: by responsive pleading or by motion. This defense is waived only when a defendant fails to raise it "either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply . . . ." Fed.R.Civ. Proc. 12(h).

The appropriate way for Curtiss-Wright to raise its defense of lack of in personam jurisdiction under Rule 12 was by motion. Curtiss-Wright filed its Motion to Dismiss in a timely fashion, almost 3 months prior to the Ninth Circuit's ruling on the plaintiffs' Petition and prosecuted its motion in a timely fashion, but at the original hearing thereon this Court reserved ruling in the interest of judicial economy and in order to avoid potentially inconsistent results. Under these circumstances we do not believe that it was incumbent upon Curtiss-Wright to join in the Ninth Circuit proceedings, and its failure to do so certainly cannot be deemed to be a waiver of a defense which it had already asserted in this Court.

We turn now to the merits of this Motion to Dismiss, which is that "[u]nder the Constitution and Laws of the United States and the applicable rules of Court, this Court has no personal jurisdiction over Curtiss-Wright Corporation; therefore, Curtiss-Wright Corporation should not be required to defend the third-party action against it in this Court which is a highly inconvenient forum where Curtiss-Wright Corporation is not amenable to service of process and the third-party action could not have been brought against it." Motion of Curtiss-Wright Corporation to Dismiss, para. 5 (Mar. 19, 1976). The affidavit of Seymour S. Bitterman submitted in support of this motion establishes without contradiction that none of the indicia upon which personal jurisdiction may be based are present in this case with respect to Curtiss-Wright, and that the "minimal contacts" required to satisfy due process considerations are clearly absent, and this Court agrees and so finds.

Curtiss-Wright is a third party defendant in this action, rather than a primary defendant. It is well settled that a defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts, and thus, there is no need for independent subject matter jurisdiction of the third-party claim. *See, e. g., H. L. Peterson Co. v. Applewhite*, 383 F.2d 430 (5th Cir. 1967). But it is equally well settled that a court must have personal jurisdiction over a third-party defendant before it can proceed to adjudicate a third-party claim. *E. g., Coleman v. American Export Isbrandtsen Lines, Inc.*, 405 F.2d 250 (2d Cir. 1968); *Lone Star Package Car Co. v. Baltimore & Ohio R. Co.*, 212 F.2d 147 (5th Cir. 1954); *United States v. Crow, Pope & Land Enterprises, Inc.*, 340 F.Supp. 25 (N.D.Ga.1972); 6 Wright & Miller, Federal Practice & Procedure § 1445 (1971).

McDonnell Douglas does not attempt to meet the due process jurisdictional argument directly. Instead, it argues that "the fact that it might not have been possible to make Curtiss-Wright an original defendant to an action commenced in Mississippi or even a third-party defendant to an action commenced in Mississippi is of no moment." Supplement to Response of McDonnell Douglas Corporation to the Motion of Curtiss-Wright Corporation to Dismiss (August 12, 1976). The essence of this argument is

that since Curtiss-Wright was properly served with process in California prior to the transfer of this action, due process considerations are now irrelevant. McDonnell Douglas argues that since the transferability of the cause of action under Section 1404(a) is determined at the time of the bringing of the action in the transferror court, rather than at the time of transfer, *Hoffman v. Blaski, supra,* and since this case was transferable at the time that it was filed, the transfer was proper as to all parties, and this Court may not now consider Curtiss-Wright's in personam jurisdictional objections.

■ McDonnell Douglas' argument misconstrues the entire concept of the due process considerations of in personam jurisdiction. It is not merely the service of process upon a defendant lacking "minimal contacts" with the forum which offends due process. Due process also protects a defendant against being required to defend an action in a forum in which it is not present: "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958). "To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process." *International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945).

■ Likewise, a defendant may not be bound by a personal judgment of a court which lacks in personam jurisdiction over him. "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Wash-*

*ington, supra* at 316, 66 S.Ct. at 158. *See also, McGee v. International Life Ins. Co.,* 355 U.S. 220, 222, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

■ In the case sub judice, Curtiss-Wright totally lacks the minimum contacts with Mississippi which would suffice to give this Court jurisdiction of its person. Even though Curtiss-Wright was properly served with process in a forum in which it was present, it would offend due process to require it to defend this suit in Mississippi or to subject it to a personal judgment of this Court. Therefore, Curtiss-Wright's Motion to Dismiss is well taken and will be granted.

An Order of Dismissal of the Third-Party Complaint against Curtiss-Wright conforming with the foregoing Memorandum Opinion, approved as to form by attorneys for all parties, shall be submitted to this Court within the time and in the manner prescribed by our Local Rules.