**Peggy HERNDON, Individually and as Trustee for Carla J. Herndon, Plaintiff,**

v.

**Clarence HERNDON, Beverly Herndon Scott and Massachusetts Mutual Life Insurance Company, and First National Bank of San Angelo, Defendants.**

**Civ. A. No. SA79CA144.**

United States District Court, W. D. Texas, San Antonio Division.

June 9, 1980.

Daniel R. Rutherford, San Antonio, Tex., for plaintiff.

Alex F. Sears, San Angelo, Tex., Edward R. Finck, Jr., San Antonio, Tex., for defendants.

Goodwin & Berry, San Angelo, Tex., Barry Snell, San Antonio, Tex., for third-party defendant, First City Nat. Bank of San Angelo.

## MEMORANDUM OPINION DENYING MOTION TO DISMISS

SPEARS, District Judge.

On this day came on to be considered the Motion to Dismiss filed by First City National Bank ("Bank") in the above entitled and numbered cause and the responses filed thereto. The Bank asserts that it is a national banking association with its principal office and place of business in San Angelo, Texas, within the Northern District of Texas, and that, pursuant to 12 U.S.C. § 94, venue is mandatory in the district in which the Bank is established.

This section states that actions or proceedings against a national bank

> may be had in any district or Territorial court of the United States held within the district in which such association (bank) may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Prior to a determination of this issue, an examination of the relationship of the parties of this suit is required. Defendant Massachusetts Mutual Life Insurance Company ("Company") issued a policy on the life of Bobby Herndon, now deceased, in 1974. Following the death of Mr. Herndon, there were rival claimants to the proceeds of the policy, resulting in a suit being filed in state court by one of the claimants, Peggy Herndon, against other claimants and the defendant Company for failure to pay the proceeds of the policy to the plaintiff. In April, 1979, the Company removed the case to the Federal Courts under the provisions of 28 U.S.C. § 1441(a) and then filed a Counterclaim and Cross-Action against the rival claimants to the proceeds, pursuant to the Interpleader Statute, 28 U.S.C. § 1335. The rival claimants subsequently agreed to compromise and settle the case and an agreed judgment was submitted to the Court. This agreed judgment, however, was quickly withdrawn when the parties were suddenly notified of the Bank's claim upon a portion of the proceeds of the policy as a creditor of the estate of Bobby Herndon. The Bank was joined as a party to the lawsuit, and the Company was granted leave to file an amended counterclaim and cross-action, adding the Bank as a third party defendant. Having now become a party to the lawsuit, the Bank has filed the Motion to Dismiss presently before the Court.

■ Although 12 U.S.C. § 94 is written with permissive language, its provisions have been held to be mandatory when the bank is a defendant. *Radzanower v.*

*Touche Ross & Company,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). A conflict arises, however, when the bank is a third party defendant rather than a defendant. Under Rule 14 of the Federal Rules of Civil Procedure, it is well settled that defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts, and thus, there is no need for independent subject matter jurisdiction of the third-party claim. *James Talcott, Inc. v. Allahabad Bank, Limited,* 444 F.2d 451, (5th Cir.), *cert. denied sub nom. City Trade and Industries, Limited v. Allahabad Bank, Limited,* 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971); *Hospes v. Burmite Div. of Whittaker Corp.,* 420 F.Supp. 806 (S.D.Miss.1976).

█ This Court has carefully considered the decision in *Swiss Israel Trade Bank v. Mobley,* 319 F.Supp. 375 (S.D.Ga.1970), but expressly rejects its holding to the effect the rulemaking power which supports Rule 14 could not have overridden the Congressional enactment of the statute, 12 U.S.C. § 94. This circuit has long held that Rule 14 overrides the general venue statute, 28 U.S.C. § 1391, and that an impleaded third-party defendant may not raise the venue issue. *Lone Star Package Car Co. v. Baltimore & O. R. Co.,* 212 F.2d 147 (5th Cir. 1954). Under the circumstances, this Court believes the better reasoning to be that since a third party defendant may not raise the venue issue, 12 U.S.C. § 94 does not create a venue right to be asserted by the third party defendant bank. *See Jones v. Kreminski,* 404 F.Supp. 667 (D.Conn.1975), *Odette v. Shearson, Hammill and Co., Inc.,* 394 F.Supp. 946 (S.D.N.Y.1975). To hold otherwise would allow the tail to wag the dog.

Accordingly, the motion of First City National Bank of San Angelo to dismiss the cause should be, and the same is hereby, DENIED.