OHIO BELL TELEPHONE CO. *v.* BANCOHIO
NATIONAL BANK ET AL.

(No. 81CV-07-3868—Decided
April 1, 1982.)

Court of Common Pleas of
Franklin County.

*Mr. Thomas A. Linton,* for plaintiff.

*Mr. James R. Moats,* for defendant
and third-party plaintiff.

*Mr. Truman A. Greenwood,* for third-
party defendant.

WRIGHT, J. Pursuant to Civ. R.
12(B)(3) and 12(B)(6), third-party defen-
dant First National Bank of Toledo
(hereinafter Toledo) moves the court to
sustain its Motion to Dismiss the com-
plaint of third-party plaintiff BancOhio
National Bank (hereinafter BancOhio) on
two grounds, to wit: Improper venue and
the statute of limitations.

Toledo, a national banking associa-
tion, contends that Section 94, Title 12,
U.S. Code, precludes it from being sued in
Franklin County, and thus, its motion to
dismiss should be sustained due to im-
proper venue. The aforesaid statute pro-
vides:

"Actions and proceedings against any
association under this Chapter may be
had in any district or territorial court of
the United States held within the district
in which such association may be
established, or in any state, county or
municipal court in the county or city in
which said association is located having
jurisdiction in similar cases."

The court's initial impression is that
the statute mandates that in all instances
a national banking association may only
be sued in specific jurisdictions where
venue would be proper. However, case
law reveals that in suits where the com-
plaining bank is a third-party defendant,
the law is divided on the issue. To deter-
mine the proper construction of the
statute vis-a-vis a third-party defendant
bank, an examination of the divergent
views is warranted.

In *Lazarow, Rettig & Sundel* v. *Castle
Capital Corp.* (1980), 49 N.Y. 2d 508, 404
N.E. 2d 130, the Court of Appeals of New
York also was asked to determine
whether Section 94, Title 12, U.S. Code,
was applicable to an action where the
bank was a third-party defendant. In
holding that the aforesaid statute was ap-

plicable, that court reasoned that since the language of the statute was mandatory in character, no exceptions existed nor could they be created by the judiciary. While the principle announced in *Lazarow* remains good law, this court believes that *Lazarow* should not be followed. The court finds the decision in *Herndon* v. *Herndon* (D.C. Tex. 1980), 491 F. Supp. 53, to be the better reasoned and more persuasive.

In *Herndon* the court held that Section 94 does not create a venue right to be asserted by the third-party defendant bank. The court in *Herndon* held that the defendant's claim against a third-party defendant bank is within the ancillary jurisdiction of the federal courts under Fed. R. Civ. P. 14, and thus, there was no need for independent subject matter jurisdiction on the third-party claim. This court by concurring with the result reached in *Herndon* holds that Toledo may be sued in Franklin County on a third-party complaint as proper venue exists. See, also, 6 Wright & Miller, Federal Practice and Procedure, Section 1445, at 240 (1969 and Supp. 1979) [and 3 Moore's Federal Practice, Paragraph 14.28[2] at 14-614, fn. 4] which states:

"According to existing case law, the statutory venue limitations have no application to Rule 14 claims even if they would require the third-party action to be heard in another district had it been brought as an independent action."

In Ohio regarding third-party practice, governed by statute and Civ. R. 14, the court is persuaded by a portion of Robert A. Retske's law journal note entitled Third-Party Practice, 30 Ohio St. L. J. 216 (1969), which states:

"Some courts insist that a third-party defendant cannot be impleaded unless he could have been sued in an independent action in the forum county or district. However, it is the general rule that the venue of third-party proceedings is determined by the venue of the main action. * * * To allow a defendant to object to venue would defeat the purpose of the third-party statute, which is to secure determination of the rights of all parties in one action. * * *

"* * * Third-party practice is a far-reaching innovation and an excellent method for avoiding circuity of action, delay, added costs and unnecessary lawsuits. It is not only a valuable procedural right of litigants, but aids the courts in reducing their already congested dockets." *Id.* at 223-224.

Since venue is proper in Franklin County as to defendant BancOhio National Bank, the court must overrule Toledo's Motion to Dismiss filed pursuant to Civ. R. 12(B)(3).

The court next will address Toledo's Motion to Dismiss filed pursuant to Civ. R. 12(B)(6). Toledo alleges that BancOhio's claim is barred by the applicable statute of limitations. The court looks to R.C. 1304.13 (UCC 4-207) to resolve this question. The aforesaid statute is entitled "Warranties of customer and *collecting bank* on transfer or presentment of items; time for claims." (Emphasis added.) The manner in which the contested transaction took place makes Toledo a "collecting bank" pursuant to the definition of same contained in R.C. 1304.01(A)(15) (UCC 4-105) which states: " 'Collecting bank' means any bank handling the item for collection except the payor bank." BancOhio is the "payor bank" pursuant to the definition of same contained in R.C. 1304.01(A)(13) (UCC 4-105). Pursuant to R.C. 1304.13, Toledo made certain warranties to Banc-Ohio when Toledo applied its endorsement stamp along with the notation "Pay any Bank, P.E.G." to Ohio Bell's check. R.C. 1304.13(D) provides:

"Unless a claim for breach of warranty under this section is made within a reasonable time after the person claiming learns of the breach, the person liable is discharged to the extent of any loss caused by the delay in making claim."

After reviewing the record, this court holds that BancOhio's cause of action vis-a-vis Toledo did not come into legal existence until Ohio Bell served notice on BancOhio of its claim. Since BancOhio filed its third-party complaint within one month of it being served with process by Ohio Bell, BancOhio's third-party claim is not barred by the statute of limitations found in R.C. 1304.13 or any other statute of limitations under Ohio law; this court finds that BancOhio's claim for breach of warranty was made within a reasonable time after learning of the breach.

Accordingly, Toledo's Motion to Dismiss is overruled.

*Motion to dismiss overruled.*