F & D, INC., Plaintiff,

v.

O'HARA & KENDALL AVIATION, INC.,
and Jack Kendall, Defendants,

v.

COMBS AIRWAYS, INC., and John Her-
nandez, Third Party Defendants.

Civ. A. No. H–81–520.

United States District Court,
S. D. Texas,
Houston Division.

July 14, 1982.

David Grant, Dyche & Wright, Houston, Tex., for plaintiff.

Jimmy Williams, Houston, Tex., for O'Hara & Kendall Aviation, Inc.

Ronald Tonkin, Houston, Tex., for Combs Airways, Inc.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

■ Plaintiff, F & D, Inc., commenced this action against defendants, O'Hara & Kendall Aviation, Inc. ("O'Hara & Kendall") and Jack Kendall, for repairs on an airplane that was sold by defendants. Defendants impleaded Colorado Jet Center, Inc., Combs Airways, Inc. ("Combs"), and John Hernandez for indemnity or contribution, pursuant to Rule 14 of the Federal Rules of Civil Procedure,[1] alleging that defendant sold the airplane in question to these parties, who then sold it to third-party defendant.[2] Presently before the court is third party defendant Comb's motion to dismiss the action against it.

In its motion to dismiss, Combs alleges failure to state a claim upon which relief can be granted, lack of subject matter and in personam jurisdiction, defective service of process, and improper venue. Combs further contends that the action against it should be dismissed because defendants failed to obtain permission of this court prior to filing their second amended cross action against Combs. Finally, Combs requests this court to order defendants to file a more definite statement of their claim.

For the reasons set out below, this court is of the opinion that Combs' motion to dismiss should be denied. However, because this court did not formally grant defendants leave to implead Combs and because the impleader that was filed failed to sufficiently allege personal jurisdiction, we condition denial of Combs' motion to dismiss on the defendants' filing a proper motion to implead the third party defendants.

The defendants' action against Combs sufficiently sets forth defendants' claim for relief and the elements of the claim. Combs' motion to dismiss on this basis and their alternative request for a more definite statement are therefore denied.

■ This court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of the parties[3] and the requisite jurisdictional amount has been met. Even if diversity jurisdiction did not exist, this court would have ancillary jurisdiction, since a defendant's nonfederal claim against a nondiverse third party defendant is within the ancillary jurisdiction of a federal court. *Herndon v. Herndon,* 491 F.Supp. 53 (W.D.Tex. 1980).

■ Combs, as a third party defendant, may not contest venue: "This circuit has long held that Rule 14 [of the Federal Rules of Civil Procedure] overrides the general venue statute, 28 U.S.C. § 1391, and that an impleaded third party defendant may not raise the venue issue." *Herndon v. Hern-*

---

1. On September 22, 1981, this court granted defendants leave to "file a cross action against or implead Mr. Hernandez." On October 7, 1981, defendants filed a "Cross Action" against Mr. Hernandez and Colorado Jet Center, Inc. An "Amended Cross Action" was filed on November 18, 1981, making technical changes in the original cross action. Thereafter, on January 28, 1982, defendants filed a "Second Amended Cross Action" in which Combs Airways, Inc., was added as a third party defendant. The basis of defendant's cross action is a request for indemnity or contribution against the named third party defendants, none of whom are parties in the original action. As such, defendants actions are impleaders, which are governed by Rule 14 of the Federal Rules of

Civil Procedure, rather than cross actions against a coparty, which would be governed by Rule 13(g) of the Federal Rules of Civil Procedure.

2. Colorado Jet Center, Inc., was dismissed as a third party defendant by order of this court on March 10, 1982.

3. For purposes of section 1332, plaintiff F & D, Inc., is a citizen of Texas, defendants O'Hara & Kendall and Jack Kendall are citizens of California, third party defendant John Hernandez is a citizen of Colorado, and third party defendant Combs is a citizen of Montana, its place of incorporation, and Colorado, its principal place of business.

*don,* 491 F.Supp. at 55, *citing Lone Star Package Car Co. v. Baltimore & O. R. Co.,* 212 F.2d 147 (5th Cir. 1954). Thus venue in this case is proper.

■ This court, however, must establish personal jurisdiction over the third party defendants before considering the third party claim. *Lone Star Package Car Co. v. Baltimore & O.R. Co.,* 212 F.2d 147 (5th Cir. 1954). Personal jurisdiction exists over the third party defendant Combs if Combs was served process by a valid method, transacted business in Texas within the meaning of the Texas long-arm statute, and had sufficient contact with Texas to satisfy the due process requirements.

■ Process was served upon third party defendant Combs in accordance with Texas law.[4] Under Texas law, process may be served upon a nonresident defendant such as Combs by the sheriff in the county in which the defendant is located. Tex.R. Civ.P. 103, 106(a), 108 (1982).[5] In the present case, process was served on February 2, 1982, by a deputy sheriff of Billings, Montana, on an employee of Combs' Billings, Montana, office. Process was again served on April 14, 1982, on Combs' registered agent for the state of Colorado at Combs' Denver, Colorado, office by a deputy sheriff of Denver, Colorado. Service of process, therefore, was proper.

■ The final two requirements necessary to establish personal jurisdiction, however, have not been met. Defendants have failed to allege sufficient facts to show that third party defendant Combs was doing business in Texas within the meaning of the

Texas long-arm statute, Tex.Rev.Civ.Stat. Ann. art. 2031b (Vernon's 1964 & Supp. 1982), and that Combs had the requisite minimum contacts with Texas.

In addition to this defect in defendants' pleading, we note that this court's oral ruling of September 22, 1981, specifically granted only leave "to file a cross action against or to implead Mr. Hernandez"; leave of court was not granted to implead third party defendant Combs.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that third party defendant Combs' motion to dismiss be DENIED, provided that within ten (10) days of the date of this order, defendants file a proper motion to implead third party defendant Combs, including a statement of facts sufficient to establish personal jurisdiction.

---

4. Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process upon a party not within the state in which the district court is held may be in the manner prescribed by state statute.

5. Service of process upon a nonresident defendant is governed by the Texas long-arm statute, Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon's 1964 & Supp. 1982) and the Texas Rules of Civil Procedure (1982). The Texas long-arm statute provides that a foreign corporation engaging in business within Texas that does not maintain a regular place of business and has not appointed an agent within the state will be

deemed to have appointed the Secretary of State of Texas as an agent upon whom service can be made for any actions arising out of such business. Tex.Rev.Civ.Stat.Ann. art. 2031b, § 3 (Vernon's 1964). Service of process is made by delivering duplicate copies to the Secretary of State, who may serve one copy upon defendant by registered mail. *Id.* § 5; Tex.R. Civ.P. 106(a), 108 (1982). Alternatively, as in the present case, process may be served by a sheriff or constable "in any county in which the party to be served is found." Tex.R.Civ.P. 103, 106(a), 108 (1982).